UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 MAY 26  A 11: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| JEANNE DEGAN,<br><br>    Plaintiff,<br><br>v.<br><br>GOLDWELL OF NEW<br>ENGLAND, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Goldwell of New England, Inc. ("Defendant" or "Goldwell") answers Plaintiff's Complaint as follows:

The allegations set forth in the first, fourth and fifth sentences of the introductory paragraph (on page 1 of the Complaint) constitute a statement of law and require no response. To the extent those allegations require a response, Defendant denies that it has violated any laws or committed any wrongful acts. Defendant denies the allegations contained in the second sentence of the introductory paragraph of the Complaint except Defendant admits that Plaintiff was employed by Defendant, incurred a work-related injury and requested FMLA leave. Defendant admits that it terminated Plaintiff's employment.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 and, therefore, denies same. Defendant admits that it employed Plaintiff from on or about August 31, 1998 to

December 27, 2001, but denies the remaining allegations contained in the second sentence of paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in the first sentence of paragraph 2 of the Complaint. Defendant admits that it employed Plaintiff from on or about August 31, 1998 to December 27, 2001, but denies the remaining allegations contained in the second sentence of paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in the first and third sentences of paragraph 3 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 of the Complaint and therefore denies same.

4. Defendant admits the allegations contained in the first, second, third, fourth and sixth sentences of paragraph 4 of the Complaint. Defendant admits that, beginning in or about April 2000, Goldwell permitted Plaintiff to regularly work at her home on Fridays to perform some of her duties, including her paperwork, but denies that Goldwell had agreed to such schedule at the time of Plaintiff's hire. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and eighth sentences of paragraph 4 of the Complaint and, therefore, denies same.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that, beginning in April 2000 and continuing through the end of her employment, Plaintiff was given the additional responsibility of managing both regions but denies that such change constituted a "promotion." Defendant admits that, beginning in or about April 2000, Defendant permitted Plaintiff to regularly work at her home on Fridays to perform

some of her duties, but denies that Defendant had agreed to such working arrangement prior to that time. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Defendant admits that Plaintiff contacted Ms. Garneau to inquire about the Friday meeting and informed Ms. Garneau that she had an appointment scheduled that Friday; that Plaintiff informed Ms. Garneau she had medical restrictions; and that Ms. Garneau asked Plaintiff about those restrictions. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that, at the meeting between Plaintiff and Goldwell managers Holladay, Garneau and Foundas on Friday October 5, 2001, Plaintiff was told that the managers had become aware of Plaintiff's medical condition for the first time on the previous Wednesday and that she would be required to provide Goldwell with supporting medical documentation. Defendant denies that Plaintiff was sent home and avers that Plaintiff was permitted to leave work early that day so that she could receive therapy. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint except admits that Plaintiff provided Defendant with medical documentation regarding her medical condition and treatment, which documentation speaks for itself.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint except admits that a meeting between Plaintiff, Ms. Holladay, Ms. Shakour, Ms. Garneau and Laurie Viapiano was held in Goldwell's Holliston office on or about October 22, 2001, at which meeting Plaintiff was informed that she would be required to work in the Holliston office two Fridays per month (i.e., every other Friday) and to work out in the field on the other Fridays.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint except admits that Defendant received Plaintiff's request for "reduced schedule" FMLA leave on or about November 26, 2001, and it received her physician's FMLA certification in early December 2001.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits Plaintiff was requested to and did attend a meeting at Goldwell's facility in Holliston on December 27, 2001 and that such meeting took place prior to Defendant's appointment to obtain a second medical opinion. Defendant admits the allegations contained in the second sentence of paragraph 19 of the Complaint except is without sufficient knowledge or information to form a belief as to whether Holladay told Plaintiff that she wanted to "pick" Plaintiff's "brain" and, therefore, denies same.

20. Defendant admits the allegations contained in the first and second sentences of paragraph 20 of the Complaint except denies that Plaintiff was told that her "performance had nothing to do with her termination." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of paragraph 20 of the Complaint and, therefore, denies same. Defendant denies the third sentence of paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in paragraph 22 of the Complaint.

## COUNT I

23. Defendant repeats and incorporates by reference its response to paragraphs 1 through 22 as if fully stated herein.

24. Defendant admits that Plaintiff received workers' compensation benefits regarding her June 1999 car accident. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits that, in or about October 2001, Plaintiff requested that she be permitted to work in the field from Monday through Thursday and work from her home on Fridays so that she could perform administrative tasks and obtain therapy on Fridays. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

## COUNT II

31. Defendant repeats and incorporates by reference its response to paragraphs 1 through 30 as if fully stated herein.

32. Defendant denies the allegations contained in the first sentence of paragraph 32 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

## COUNT III

38. Defendant repeats and incorporates by reference its response to paragraphs 1 through 37 as if fully stated herein.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint except admits that Defendant received Plaintiff's request for "reduced schedule" FMLA leave on

or about November 26, 2001, and it received her physician's FMLA certification in early December 2001.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

## SEPARATE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any action or non-action by Defendant with respect to Plaintiff was for good cause.

### THIRD DEFENSE

All alleged actions by Defendant with respect to Plaintiff were based upon legitimate, nondiscriminatory and non-retaliatory business reasons, and no unlawful factor motivated Defendant in its decision-making regarding Plaintiff's employment.

### FOURTH DEFENSE

Any action or non-action taken by Defendant with respect to Plaintiff was based on a reason or reasons other than Plaintiff's alleged handicap.

### FIFTH DEFENSE

To the extent Defendant had any duty or obligations to Plaintiff, Defendant has performed and satisfied such duty and obligations.

### SIXTH DEFENSE

Plaintiff was an employee-at-will whose employment was terminable without cause and without notice.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### NINTH DEFENSE

Any injury suffered by plaintiff was caused solely by her own conduct.

### TENTH DEFENSE

Plaintiff was not an eligible employee as that term is defined in the FMLA.

### ELEVENTH DEFENSE

To the extent an FMLA obligation attached, said obligation was satisfied by Defendant in providing Plaintiff with the amount of leave required under the FMLA.

### TWELFTH DEFENSE

Defendant acted in good faith and with reasonable grounds to believe that its actions with respect to Plaintiff did not violate the FMLA or any other law.

### THIRTEENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### FOURTEENTH DEFENSE

Plaintiff has not alleged or established sufficient facts to permit or entitle Plaintiff to recover punitive or exemplary damages.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety, at Plaintiff's costs, with an award to Defendant of its attorneys' fees incurred in the defense of this matter, and for such other and further relief as this Court deems just and proper.

GOLDWELL OF NEW ENGLAND, INC.

By its attorneys,

*/s/ Jonathan R. Sigel*

Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: May 25, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 5/25/04



# Bowditch
# & Dewey
ATTORNEYS

311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 791-3511
Facsimile: (508) 756-7636

*www.bowditch.com*

Bowditch & Dewey, LLP

Direct Phone: (508) 926-3434
Direct Facsimile: (508) 929-3049
E-Mail: jsigel@bowditch.com

FILED
IN CLERKS OFFICE

2004 MAY 26 A 11: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

May 25, 2004

Office of the Civil Clerk
United States District Court for the
District of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re:   *Jeanne Degan v. Goldwell of New England, Inc.*
      Civil Action No. 04CV11024 RWZ

Dear Sir or Madam:

Enclosed for filing in the above-captioned matter please find Defendant's Answer and Defenses.

Thank you for your assistance in this matter.

Very truly yours,

Jonathan R. Sigel

JRS/bb
Enclosure
cc:   Mary M. Garneau, General Manager (w/enclosure)
      Michael P. Angelini, Esq. (w/out enclosure)
      Renee E. Hackett, Esq. (w/out enclosure)
      Kevin G. Powers, Esq. (w/enclosure)

Metrowest Office: 161 Worcester Road, P.O. Box 9320 • Framingham, MA 01701-9320 • Telephone: (508) 879-5700 • Facsimile: (508) 872-1492