## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHCUSETTS

**C.A. No. 04-11024-RWZ**

|  |  |
|---|---|
| JEANNE DEGAN, | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| GOLDWELL OF NEW | ) |
| ENGLAND, INC., | ) |
|       **Defendant** | ) |

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a) and (c), Plaintiff moves the Court for leave to amend her complaint to add R.G. Shakour, Inc. (hereinafter referred to as "R.G. Shakour") as a defendant in this action. Plaintiff was hired by Goldwell of New England, Inc., (hereinafter referred to as "Goldwell") in 1999, and beginning in April 2000, she reported to both Goldwell and to R.G. Shakour, Goldwell's sister company. Throughout Plaintiff's entire employment, Goldwell, alone, issued salary payments and bonuses to Plaintiff and dealt directly with Plaintiff concerning all Human Resources matters. Accordingly, Plaintiff thought Goldwell was her only employer, and she filed an MCAD charge and then a lawsuit, naming Goldwell as the defendant, but alleging discriminatory and retaliatory acts, which were conducted by agents of both Goldwell and R.G. Shakour.

During discovery in this civil suit, the deposition testimony of Renee Shakour, Vice President of R.G. Shakour, revealed irrefutably that both Goldwell and R.G. Shakour jointly employed Plaintiff and that R.G. Shakour, Inc. should also be a named defendant in this action.

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Rule 15(c) permits an amendment of pleadings to relate back to the date of the original pleading when certain conditions are met. For the reasons that are set forth in Plaintiff's Memorandum in Support of this motion, R.G. Shakour's alleged conduct, which arose out of the same conduct alleged in Plaintiff's MCAD charge and in Plaintiff's original complaint, relates back to the date of Plaintiff's original pleading.

Plaintiff's First Amended Complaint clarifies R.G. Shakour, Inc.'s active, indeed pivotal, involvement in the terms and conditions of Plaintiff's employment and in the decision to terminate Plaintiff. The interests of justice would be served by the granting of Plaintiff's motion, and R.G. Shakour, Inc. will suffer no prejudice.

Plaintiff has attached her First Amended Complaint for the Court's convenience.

Respectfully submitted,

Jeanne Degan
By her Attorneys,

2

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MotLeaveAmendCompl

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on  3|14|05

Linda Evans