UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHCUSETTS

C.A. No. 04-11024-RWZ

|  |  |
|---|---|
| JEANNE DEGAN,<br>            Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| GOLDWELL OF NEW<br>ENGLAND, INC.,<br>            Defendant | )<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT**

Plaintiff has moved for leave to amend her Complaint to add R.G. Shakour, Inc. (hereinafter referred to as "R.G. Shakour") as a named defendant because the company's omission in the Complaint was a mistake. Plaintiff mistakenly thought that Goldwell of New England, Inc. (hereinafter referred to as "Goldwell") was her only employer, when, in fact, Goldwell and R.G. Shakour jointly employed Plaintiff. The Court should allow Plaintiff to amend her Complaint because (1) R.G. Shakour was appropriately identified as a wrongdoer in Plaintiff's MCAD charge; and (2) R.G. Shakour's alleged conduct, which arose out of the same conduct alleged in Plaintiff's MCAD charge and in Plaintiff's original Complaint, relates back to the date of Plaintiff's original pleading, pursuant to Fed. R. Civ. P. 15(a) and (c).

## FACTUAL BACKGROUND

Goldwell, a distributor of cosmetology products, hired Plaintiff, in August 1998, into the position of Artec Brand Manager. Artec is a hair product line now owned by L'Oreal. *Complaint*, ¶ 3. At all times, Plaintiff was instructed to deal with Goldwell concerning Human Resources matters, and Goldwell, at all times, paid Plaintiff her salary and bonuses. *Shakour Dep.*, at 25, 69, *Exhibit 1*. When Plaintiff suffered a work-related injury in 1999, her doctor provided Goldwell with her medical and therapy reports. *Complaint*, ¶ 5.

Plaintiff originally shared the Northeast Sales Region with another individual, but in April 2000, Plaintiff was promoted to Artec Brand Manager of her entire Region, North and South. *Complaint*, ¶¶ 4, 7. From the time of Plaintiff's promotion in April 2000 until her termination in December 2001, Plaintiff reported to both Cheryl Holladay, Director of Education at Goldwell, and to Renee Shakour, Vice President of R.G. Shakour, Inc., another distributor of cosmetology products. *Id.* at ¶ 12; *Shakour Dep.*, at 13, *Exhibit 1*. Goldwell continued to pay Plaintiff her salary and bonuses, and Plaintiff dealt exclusively with Goldwell concerning all Human Resources aspects of her employment. *Shakour Dep.*, at 25, 86, *Exhibit 1*.

Business meetings, with personnel from both companies, were held at Goldwell's office in Holliston, and only Goldwell provided Plaintiff with office space. *Complaint*, ¶¶ 10, 12, 14, 19-20. In 2001, Plaintiff continued to suffer from neck and back injuries related to her work-related accident in 1999 and a

2

subsequent accident in 2000. *Id.* ¶¶ 5, 8, 24-26. Although agents of both Goldwell and R.G. Shakour told Plaintiff that she had to provide a doctor's note about her pain management therapy, Plaintiff was required to provide the doctor's note to Goldwell, not to R.G. Shakour. *Id.* at ¶¶ 10, 12-13.

After Plaintiff requested the reasonable accommodation of attending a physical therapy session each Friday, followed by working from her home office on Fridays to heal, agents of both Goldwell and R.G. Shakour, instructed Plaintiff to work in Goldwell's Holliston office on two Fridays per month. *Id.* at 14. Plaintiff submitted her subsequent application for FMLA leave to Goldwell, and Goldwell required Plaintiff to get a second medical opinion and provided her with the names of two health care providers. *Id.* at ¶¶ 17-18. Before she could obtain a second opinion, Plaintiff was abruptly terminated on December 27, 2001, at a "mandatory" meeting in Goldwell's office, where agents from both Goldwell and R.G. Shakour were present. *Id.* at ¶¶ 19-20.

Based on Goldwell's implementation and control over the Human Resources components of Plaintiff's job; that is, her salary and bonuses, workers' compensation claim; office space, medical documentation, and application for FMLA leave, Degan believed that Goldwell was her employer, and she filed a charge with the MCAD on April 4, 2002, naming Goldwell as the respondent. *MCAD Charge, Exhibit 2.* Degan alleged, pursuant to M.G.L. c. 151B and the Family Medical Leave Act, that she was discriminated against on the basis of her disability, her request for a reasonable accommodation, and her request for FMLA

3

leave. *Id.* at ¶ 11. The MCAD dismissed Plaintiff's charge, without prejudice, on February 11, 2004.

Plaintiff filed her civil action, under M.G.L. c. 151B and the Federal Medical Leave Act, against Goldwell in State court, on April 15, 2004, within three years of her termination on December 27, 2001. *Complaint*, ¶¶ 19-20. Plaintiff alleged claims in this civil suit, which tracked the claims that she made at the MCAD. *MCAD Charge*, ¶ 11, *Exhibit 2*. Specifically, Plaintiff alleged claims for failure to accommodate a disability (Count I); discrimination based on disability and/or perceived disability (Count II); and interference with her FMLA rights and discrimination under the Act (Count III). Goldwell filed a Notice of Removal to Federal Court on May 20, 2004, and filed an Answer on May 26, 2004.

The deposition of Renee Shakour, in this action, disclosed *indicia* and an admission that R.G. Shakour was the joint employer of Plaintiff. The *indicia* include the following specific facts: (1) R.G. Shakour shared the expense of Plaintiff's salary, which was paid to her by Goldwell, and that R.G. Shakour reimbursed Goldwell for its share. *Shakour Dep.*, at 25, 44-45, 52, *Exhibit 1*; (2) Jon Shakour owns 100 percent of R.G. Shakour and 50 percent of Goldwell, *id.* at 18-19; (3) the companies functioned as "sister" corporations, conducting educational shows and events together, *id.*, at 16, 30; (4) the companies co-assigned job duties to Plaintiff, *id.* at 50-51; (5) the companies coordinated Plaintiff's schedule, *id. at* 124-125; (6) Goldwell and R.G. Shakour shared on a

4

monthly basis, a combined Artec Sales Report, which was prepared by R.G. Shakour and was based on both Goldwell's and R.G. Shakour's sales of Artec brand products, *id.* at 79-80; and (7) Renee Shakour was involved in the decision to terminate Plaintiff, *Shakour Dep.*, at 133, *Exhibit 1*. Renee Shakour, Vice President of R.G. Shakour, admitted at her deposition that R.G. Shakour was Plaintiff's co-employer and that she regarded the two companies as interchangeable. *Shakour Dep.*, at 17, 138, *Exhibit 1*.

## LEGAL ARGUMENT

**I.    R.G. Shakour Has Been Appropriately Identified as a Wrongdoer**

While generally a plaintiff must name a party in her MCAD charge in order to support a later lawsuit against that party in court, both Federal courts and State courts have made exceptions where the party has been appropriately notified. Specifically,

> whether a party has been appropriately identified as a wrongdoer in a charge filed with the MCAD so as to support a subsequent civil action against that party is a matter to be determined from a reading of the charge as a whole. If the charge put the party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding, then the party appropriately may be named as a defendant in a later civil complaint alleging a violation of Chapter 151B.

*Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 234 (D. Mass. 1997), citing for guidance, *Brunson v. Wall*, 405 Mass. 446, 541 N.E.2d 338, 341 (Mass. 1989).

**A.    Degan's MCAD Charge Put R.G. Shakour's Conduct At Issue**

Plaintiff alleged in her MCAD charge that "[d]uring all relevant times [to her charge] I held the position of Artec Brand Manager." *MCAD Charge*, ¶ 1, *Exhibit 2*. From the time of her promotion in April 2000 to her termination on December 27, 2001, Degan performed responsibilities as Artec Brand Manager for both Goldwell and R.G. Shakour. *Shakour Dep.*, at 83, *Exhibit 1*. Although Plaintiff considered Goldwell, the entity that paid her, to be her employer, R.G. Shakour knew at all times that it paid Goldwell for an equal proportion of Degan's salary; Plaintiff was an employee of both Goldwell and R.G. Shakour; and R.G. Shakour was involved in the decision to terminate Plaintiff. *Id.* at 17, 25, 133, *Exhibit 1*.

B.   Goldwell's and R.G. Shakour's Interests Were Identical at the MCAD

Factors used by Federal courts in determining whether an unnamed party has been appropriately identified include whether the interests of the unnamed party are similar to those of the named party. King v. First, 46 Mass. App. Ct. 372, 375, 705 N.E.2d 1172 (1999) (discussing factors used by Federal courts in determining if an exception exists where party was not named in administrative proceeding). Here, because Goldwell and R.G. Shakour were, by Renee Shakour's admission, Degan's joint employers, their interests were identical, not merely similar, with respect to Degan's MCAD charge, and R.G. Shakour at all times had knowledge that it was potentially, equally liable for Degan's allegations against her "employer," in the charge. *Shakour Dep.*, at 17, *Exhibit 1*.

6

Degan's MCAD allegations included: Degan had an injury, but with accommodation, she could perform the essential functions of her job, *MCAD Charge*, ¶ 4, *Exhibit 2*; she requested the accommodation of being permitted to attend a physical therapy session on Fridays and to work from her home office on Fridays, and she provided medical documentation to her "employer," *id.* at ¶¶ 5-6; after she made the request, her "employer" treated her differently and in an inferior manner; *id.* at ¶ 7; Degan faxed FMLA forms to her "employer" on November 16, 2001, *id.* at ¶ 8; on December 27, 2001, Degan was told that her position was dissolved, *id.* at ¶ 10; and she was terminated because she was handicapped; she requested a reasonable accommodation; and she requested FMLA leave. *MCAD Charge*, ¶ 11, *Exhibit 2*.

C.  R.G. Shakour Had Notice of the MCAD Charge

The conduct of R.G. Shakour, Degan's joint employer, was put at issue throughout the charge, with each allegation Degan made against her "employer," and R.G. Shakour was sufficiently identified as a wrongdoer. *See Sabotka v. Westfield Savings Bank*, 1994 WL 978775 (Mass. Supepr. April 21, 1994) (phrase "upper level management" sufficiently identified bank comptroller in charge filed with MCAD so that it was proper to name him as a defendant in later court action alleging discrimination). Further, not only were R.G. Shakour's interests identical to Goldwell's interests, but R.G. Shakour also sought to protect those interests in the "Confidentiality Agreement Concerning Information and Documents," which

Goldwell proposed at the MCAD. Paragraph 1 of Goldwell's proposed agreement provides:

> In response to the parties' requests for discovery (including but not limited to interrogatories, requests for production of documents, depositions), the parties will produce certain documents and information which may contain or include (1) confidential and private information about employees or former employees of Goldwell of New England, Inc. ("Goldwell") *and* R.G. Shakour, Inc. ("Shakour"); (2) confidential and proprietary information about Goldwell's *and/or* Shakour's business and/or finances, and (3) personal information about Complainant. (emphasis added).

*Def.'s MCAD Proposed Agreement*, ¶ 1, *Exhibit 3*.

It can be inferred from the fact that R.G. Shakour sought cover in Goldwell's proposed confidentiality agreement that, R.G. Shakour, at a minimum, had notice of Degan's MCAD charge, and more likely, actively participated in the defense to the charge. A condition predicate to R.G. Shakour's inclusion in the agreement was communication between R.G. Shakour and Goldwell and/or Goldwell's attorney, concerning Degan's MCAD charge and the companies' shared interests. *LeClerc v. Interstate Distributors, Inc.*, 8 Mass. L. Rptr. 654 (Norfolk, February 11, 1998) (parties' conduct was placed in issue in MCAD complaint, it could be inferred from the fact that the parties investigated the complaint that they had notice, and it could also be inferred that they participated in the response to the complaint); *Fuer v. Congregation of Sisters of St. Joseph of Boston, Inc.*, 1999 Mass. Super. LEXIS 153 (Middlesex, March 19, 1999) (court action could be maintained because the conduct of an unnamed party was put in issue through the allegations in the MCAD complaint, that party had notice and an

8

opportunity to participate in the conciliation proceedings, and that party's interests were similar to those of the named party).

Under the facts of this case, the nominal absence of R.G. Shakour from the MCAD action, could not, and did not, result in any actual prejudice to R.G. Shakour. *King v. First*, 46 Mass. App. Ct. 372 (1999) (factors taken into account by Federal courts include whether the absence of the unnamed party from administrative proceedings would result in actual prejudice to the unnamed party). After Plaintiff's April 2000 promotion, R.G. Shakour regarded Plaintiff as its employee, and the company cannot now claim that Plaintiff's mistake about that fact caused R.G. Shakour actual prejudice. *Shakour Dep.*, at 17, *Exhibit 1*.

For all of these reasons, R.G. Shakour should be a named defendant in this court action, and the Court should grant Plaintiff leave to amend her Complaint.

II.     **R.G. Shakour's Alleged Conduct Relates Back to the Date of Plaintiff's Original Pleading, pursuant to Rule 15(a) and (c)**

Federal Rule of Civil Procedure 15(a) provides that a party may amend the party's pleading by leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(c) permits an amendment adding a party after the expiration of the statute of limitations to relate back to the date on which a plaintiff commenced the action when certain conditions are present. Rule 15(c), provides, in part:

> An amendment of a pleading relates back to the date of the original pleading when

9

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Rule 15(c) requires that (1) both the original and the amended complaints are based on the same conduct; (2) timely service of the amended complaint; (3) a mistake concerning the identity of the proper party; and (4) the later-named party, within the prescribed time limit, knew or should have known that, but for the mistake, the action would have been brought against the individual or entity. *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000). All of these conditions are met in this action.

A.   <u>The Original and Amended Complaints Are Based on the Same Conduct</u>

Degan has alleged the following facts in both her Complaint and her First Amended Complaint: Degan worked as Artec Brand Manager, *Complaint*, ¶¶ 3-4, 7, *Amend. Complaint*, ¶¶ 4-5; she suffered an injury that was later exacerbated by another accident, but she remained capable of performing the essential functions of her job with reasonable accommodation, ¶¶ 5-6, 8 / ¶¶ 6-7, 10; she saw a psychologist for pain management, had a ½ hour acupuncture session on Fridays,

and then worked from her home office on Fridays to allow healing, ¶ 9 / ¶ 11; agents of Goldwell and R.G. Shakour instructed Degan to get a note from her doctor, ¶ 12 / ¶ 15; Degan provided medical documentation and requested that she be permitted to continue her therapy on Fridays, followed by work at her home office, ¶ 13 / ¶ 16; agents of both Goldwell and R.G. Shakour told Degan that she had to work two Fridays a month at the Goldwell office and two Fridays out in the field, ¶ 14 / ¶ 18; Degan was treated more harshly after she submitted medical documentation, ¶ 15 / ¶ 19.

Upon learning that her disability would not be accommodated, Degan applied for intermittent FMLA leave, with her physician's medical certification, ¶¶ 16-17 / ¶¶ 20-21; she was required to get a second opinion, and before she could obtain one, she was terminated, ¶¶ 18-20 / ¶¶ 23-25; and at the termination meeting, Renee Shakour told Degan that her position would be eliminated, but the position was not eliminated. ¶¶ 20-21 / ¶¶ 25-26.

In both her Complaint and her Amended Complaint, Plaintiff has set forth claims for failure to accommodate her disability, *Complaint*, ¶¶ 23-30, *Amended Complaint*, ¶¶ 28-35; discrimination based on disability and/or perceived disability, ¶¶ 31-37 / ¶¶ 36-42; and violation of the Family Medical Leave Act, ¶¶ 38-46 / ¶¶ 43-51. Plaintiff made these same claims in her MCAD charge. *MCAD Charge*, Exhibit 2. In addition, Plaintiff's prayer for relief in her Amended Complaint is identical to her prayer for relief in the Complaint. *Complaint*, at 11, *Amend. Complaint*, at 12-13.

B.   Plaintiff's Omission of R.G. Shakour Was a Mistake

Plaintiff's omission of R.G. Shakour as a defendant in this action was a mistake. While Plaintiff had knowledge of some of the *indicia* that R.G. Shakour was her joint employer; e.g., she reported to both Cheryl Holladay and Renee Shakour, *Complaint*, ¶ 12, other factors mitigated against Plaintiff's awareness that she had joint employers. For example, Goldwell initially hired Plaintiff, and even after she was promoted in 2000 and began to report to both Goldwell and R.G. Shakour, Goldwell continued to pay Plaintiff her salary and bonuses, provide her with office space, and oversee all Human Resources aspects of Plaintiff's position. *Complaint*, ¶¶ 3, 5, 7, 10, 12, 14, 17. Plaintiff was required to submit workers' compensation, requests for reasonable accommodation, and FMLA application documents to Goldwell. *Complaint*, ¶¶ 5, 13, 17.

"Properly construed, [Rule 15(c)(3)] encompasses both mistakes that were easily avoidable and those that were serendipitous." *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000). Based on Goldwell's apparent control over her pay and her requests to Human Resources, Plaintiff thought that only Goldwell was her employer. *Leonard v. Parry*, 219 F.3d at 29 ("what the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place"). The question before this Court is "whether, in a counterfactual error-free world," Plaintiff would have brought this action against R.G. Shakour, as well as against Goldwell. *Id.* As argued *supra*, Plaintiff put R.G. Shakour's conduct at

12

issue in both her MCAD charge and her original Complaint, which evidences that but for her mistake about the identity of her employer, she would have named R.G. Shakour as a defendant in the original Complaint.

C.  R.G. Shakour Knew or Should Have Known that but for Plaintiff's Mistake Concerning the Identity of the Proper Party, <u>the Action Would Have Been Brought against R.G. Shakour</u>

Renee Shakour, Vice President of R.G. Shakour, knew at all times subsequent to Plaintiff's termination and subsequent to the filing of the Complaint that R.G. Shakour had reimbursed Goldwell for Plaintiff's salary, in the same proportion that Goldwell had paid; the two companies had functioned as "sister" corporations, and Ms. Shakour had regarded the two companies as interchangeable; R.G. Shakour had jointly employed Plaintiff; and Ms. Shakour had been involved in the decision to terminate Plaintiff. *Shakour Dep.*, at 16-17, 25, 30, 44-45, 52, 133, 138, *Exhibit 1*.  R.G. Shakour also had notice of Plaintiff's MCAD charge, as evidenced in Goldwell's proposed confidentiality agreement, which applied to both Goldwell of New England, Inc., and R.G. Shakour, Inc.; the MCAD charge put R.G. Shakour's conduct at issue; and the original Complaint in this action embodies the same alleged conduct. *MCAD Charge, Exhibit 2*; *Def.'s MCAD Proposed Agreement*, ¶ 1, *Exhibit 3*.  Collectively, these facts indicate that R.G. Shakour could form a reasonable belief that Plaintiff's omission of R.G. Shakour as a party in the Complaint represented a mistake, as opposed to a conscious choice. *Leonard v. Parry*, 219 F.3d at 29; Fed. R. Civ. P. 15(c)(3).

## CONCLUSION

Plaintiff respectfully requests that the Court grant her Motion for Leave to Amend the Complaint to name R.G. Shakour, Inc., as a defendant. R.G. Shakour has admitted that the company jointly employed Plaintiff; Plaintiff has appropriately identified R.G. Shakour, at the MCAD and in her original Complaint, as a wrongdoer; and R.G. Shakour will not incur actual prejudice from the correction of Plaintiff's mistake. Accordingly, the interests of justice will be served by the granting of Plaintiff's motion.

Respectfully submitted,

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MemoMotAmend1

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3/14/05.

Linda Evans

14