UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE DEGAN,<br>　　　　Plaintiff,<br><br>v.<br><br>GOLDWELL OF NEW<br>ENGLAND, INC.,<br>　　　　Defendant. | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

**OPPOSITION OF DEFENDANT GOLDWELL OF NEW ENGLAND, INC. TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT**

Defendant Goldwell of New England, Inc. ("Goldwell") hereby opposes Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint ("Plaintiff's Motion") to add R.G. Shakour ("Shakour") as a defendant to this action pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. As grounds for its opposition, Goldwell states that the statute of limitations on Plaintiff's claim has passed, and Plaintiff Jeanne Degan ("Plaintiff") has failed to demonstrate that: (1) her failure to include Shakour in her original Complaint was a mistake; and (2) that her untimely attempt to add Shakour is justified pursuant to FED. R. CIV. P. 15(a).

Plaintiff claims that she was not aware that Goldwell and Shakour were her joint employers when she brought suit against Goldwell in April 2004 and that, as such, her failure to include Shakour was simply a mistake as to the identity of her employers. In truth, however, Plaintiff <u>knew</u> that she was jointly employed by Goldwell and Shakour when she filed her Complaint, and her failure to add Shakour as a defendant prior to the expiration of the applicable statute of limitations is fatal to her request for leave to amend pursuant to F.R.C.P. 15(c). Further, Plaintiff's unjustified and unexplained delay in seeking leave to add Shakour warrants

denial of her motion pursuant to FED. R. CIV. P. 15(a). Accordingly, Plaintiff's motion should be denied.

### Factual and Procedural Background

On or about December 27, 2001, Plaintiff was terminated from her position with Goldwell as "ARTec Brand Manager." (See *Plaintiff's Complaint* ¶¶ 3, 20.) In or about May 2002, Plaintiff commenced an action against Goldwell with the Massachusetts Commission Against Discrimination (the "MCAD proceeding"), alleging violations of M.G.L. c. 151B and 29 U.S.C. § 2611 et seq (the "Family Medical Leave Act"). Plaintiff did not name Shakour as a respondent in the MCAD proceeding.

Proceedings before the MCAD included pleadings that expressly described the relationship between Goldwell and Shakour, as well as the nature of Plaintiff's employment by Goldwell and/or Shakour:

1. On or about June 26, 2002, Goldwell submitted its Position Statement to the MCAD. Goldwell's Position Statement included the following facts:

    a. Shakour is Goldwell's "affiliated company";
    b. Plaintiff "also provided services as ARTec Brand Manager to R. G. Shakour";
    c. "[Plaintiff] reported to R.G. Shakour's President, Renee Shakour, regarding her work on behalf of R.G. Shakour";
    d. Plaintiff "managed the Goldwell and R.G. Shakour subcontractors"; and
    e. Shakour "reimbursed Goldwell for [Plaintiff's] services to R.G. Shakour."

(See Goldwell Position Statement, a true and complete copy of which is attached hereto as Exhibit A, at p. 2.)

2. Plaintiff filed a response to Goldwell's Position Statement in which she admitted that, during the course of her employment, Renee Shakour had given Plaintiff at least one raise, compliments on her job performance, and job instructions. (See Plaintiff's Response to Position Statement, a true and complete copy of which is attached hereto as Exhibit B, at p. 3.)

3. During MCAD discovery, Plaintiff expressly requested information from both Goldwell <u>and Shakour</u> pertaining to the operation of both Goldwell <u>and Shakour</u>, including the following:

   a. the identity of each person involved in the decision to terminate Plaintiff's employment and "whether that person was employed by or a principal of Goldwell, Shakour or Artec";
   b. documents regarding notifications of layoff "for all employees at Goldwell, Shakour and Artec";
   c. "all correspondence between Artec, Goldwell and Shakour" pertaining to layoffs;
   d. "all documents upon which Goldwell and Shakour and Artec relies to support" particular contentions;
   e. a complete list of "all Account Executives … from Goldwell and Shakour";
   f. "Goldwell, Artec's and Shakour's job posting policy";
   g. "copies of all lawsuits brought against Goldwell, Artec and Shakour…";
   h. documents identifying "the amount of money Shakour, Artec and Goldwell needed to cut from its entire budget during the time Jeanne was let go"; and
   i. "a full report of each Account Executives Artec numbers from both companies."

(<u>See</u> Goldwell's Response to Complainant's First Set of Interrogatories and First Set of Requests for Documents, a true and complete copy of which is attached hereto as <u>Exhibit C</u>, at pp. 3, 6, 8-10.)

4. On November 14, 2003, Goldwell served responses to Plaintiff's discovery requests that included facts describing the relationship between Goldwell and Shakour and Plaintiff's employment for Goldwell and/or Shakour, including the following:

   a. Plaintiff "also provided services as ARTec Brand Manager to R.G. Shakour";
   b. Plaintiff "managed the Goldwell and R.G. Shakour subcontractors";
   c. "The individuals who were involved in the decision to … layoff [Plaintiff included] Renee Shakour, President of Shakour";
   d. Goldwell and Shakour have some common ownership; and
   e. "… neither Goldwell nor Shakour has hired an employee to perform [Plaintiff's] former position."

(<u>See</u> <u>Exhibit</u> C at pp. 2, 4 and 8).

Despite the above indications that Plaintiff knew Shakour to be a joint employer, Plaintiff did not add Shakour as a respondent during the MCAD proceeding. Plaintiff voluntarily

dismissed the MCAD proceeding in February 2004 and filed a civil action against Goldwell in Middlesex Superior Court in April 2004. (See *Plaintiff's Complaint*.) Plaintiff did not name Shakour as a defendant in the civil action.

In connection with the civil action, the parties exchanged written discovery and took several depositions, including the deposition of Renee Shakour (a senior officer at Shakour) on October 7, 2004. During this second round of discovery, the following occurred:

1. On July 14, 2004, Goldwell served its *Initial Disclosure's Pursuant to Fed. R. Civ. P. 26(a)(1)*, which identified Renee Shakour as an individual "[l]ikely to have knowledge of Plaintiff's employment as ARTec Brand Manager and the elimination of the ARTec Brand Manager position." (See *Defendant's Initial Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)*, previously filed with this Court.)

2. On June 25, 2004, Plaintiff served her First Set of Interrogatories upon Goldwell. Like her MCAD discovery requests, Plaintiff's Interrogatories contained numerous requests for information pertaining to the employees, complaints, financial situations, sales, insurances, job posting policies and procedures of <u>both Goldwell and Shakour</u>. (See e.g., Exhibit D, Goldwell's Answers to Plaintiff's First Set of Interrogatories, Nos. 6, 7, 9, 12, 16-21, and 27.) Of particular note are Interrogatory Nos. 21 and 27, in which Plaintiff requests Goldwell to identify <u>agreements</u> she entered into with Goldwell and Shakour (and ARTec) concerning her performance of job responsibilities from her home office (see Exhibit D, at pp. 12-13), and in which she requests Goldwell to state how her medical status constituted a "'liability'" to the two companies (and ARTec). (See Exhibit D, at pp. 15-16.)

3.  On August 31, 2004, Goldwell filed its Answers to Plaintiff's First Set of Interrogatories in which it provided information regarding the relationship between Goldwell and Shakour, as well as facts regarding Plaintiff's employment by Goldwell and/or Shakour:

   a.  Plaintiff "also provided services as ARTec Brand Manager to R.G. Shakour";
   b.  Plaintiff "managed the Goldwell and R.G. Shakour subcontractors";
   c.  Plaintiff "reported to R.G. Shakour's President, Renee Shakour, regarding her work on behalf of R.G. Shakour";
   d.  though entirely separate corporate entities, Goldwell and Shakour have some common clients and refer business to one another;
   e.  Goldwell and Shakour have some common ownership; and
   f.  Renee Shakour was "involved in the decision to … layoff Plaintiff."

Goldwell also relied on many of the pleadings that had been filed and the discovery that had been exchanged in connection with the MCAD proceeding for its answers. (See Exhibit D at pp. 2-4, 6).

4.  On October 7, 2004, Plaintiff took the deposition of Renee Shakour. During Ms. Shakour's deposition, many of the previously disclosed facts (referenced above) were raised.

5.  On March 14, 2005, Plaintiff filed her Motion for Leave of Court to Amend her Complaint.

## Argument

I.  **LEGAL STANDARD**

   A.  **Plaintiff Must Demonstrate That Her Failure To Name Shakour Was A Mistake And That Shakour Knew Or Should Have Known That, But For Plaintiff's Mistake, It Would Have Been Named As A Defendant.**

In situations where, as a here, a party seeks to add a party after the applicable statute of limitations has passed, Rule 15 of the Federal Rules of Civil Procedure requires that the amendment "relate back" to the inception of the action. See FED. R. CIV. P. 15. Specifically, the party seeking leave to amend the original complaint must demonstrate that the "claim or defense

asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," and must also demonstrate that:

> . . . within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED.R.CIV.P. 15(c)(3). Thus, in order to add Shakour as a party to this action, Plaintiff must demonstrate that: (1) her amendment arises out of the conduct, transaction or occurrence contained in her original Complaint; (2) Shakour received notice of the institution of Plaintiff's action such that it will not be prejudiced; and (3) Shakour knew, or should have known that, but for Plaintiff's mistake concerning its identity, it would have been brought into this action. See id.

In determining whether Plaintiff actually made a mistake as to the identity of her employer, the relevant consideration is what Plaintiff knew at the time she filed her original Complaint -- not what she may have learned after the initial filing. See Leonard v. Parry, 219 F.3d 25, 29 (1st Cir. 2000). However, "[e]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." Id., quoting Wells v. HBO & Co., 813 F.Supp. 1561, 1567 (N.D.Ga. 1992). Moreover, while the Plaintiff's post-acquired knowledge has no bearing on whether the Plaintiff made a mistake as to the identity of her employer, what she learned after filing the Complaint may be considered to the extent it "inform[s] [Shakour's] reasonable belief concerning the cause of [its] omission" from the original Complaint. See Leonard v. Parry, 219 F.3d at 30. In other words, information Plaintiff obtained as to the identity of her employer <u>after</u> she filed her Complaint is relevant to this Court's determination under Rule 15(c)(3) as to whether Shakour knew or should have known <u>within the statute of limitations period</u> that, but for a mistake, it would have been named

as a defendant in the original Complaint. See <u>Kilkenny v. Arco Marine Inc.</u>, 800 F.2d 853, 857 (9th Cir. 1986), citing <u>Schiavone v. Fortune, aka Time, Inc.</u>, 477 U.S. 21, 30-31 (1986) ("[t]he extent of information Kilkenny received from Arco Marine and Arch Tankers [the parties plaintiff sought to add] <u>after</u> filing her original complaint and <u>before</u> the statute of limitations period expired is relevant to the determination of whether Arco Marine and Arch Tankers knew or should have known during the limitations period that they would have been named in the initial complaint but for a mistake of identity.") (Emphasis added.)

**B. Plaintiff Must Demonstrate That "Justice Requires" Leave To Amend.**

Because Goldwell filed its responsive pleading almost one year ago, FED. R. CIV. P. 15(a) requires that Plaintiff must demonstrate that justice requires the Court's allowance of her Motion for leave to add Shakour. See FED. R. CIV. P. 15(a); see also <u>Leonard v. Parry</u>, 219 F.3d at 30, citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Plaintiff's pre-filing and post-filing knowledge, including what she did or should have done once armed with information concerning the identity of her employer(s), is relevant to this Court's consideration of whether justice requires that Plaintiff be allowed to amend her Complaint. See <u>Kilkenny v. Arco Marine Inc.</u>, 800 F.2d at 857. Here, Plaintiff's delay in seeking leave to amend her Complaint warrants denial of Plaintiff's Motion pursuant to FED. R. CIV. P. 15(a).

**II. SHAKOUR'S REASONABLE BELIEF THAT PLAINTIFF'S FAILURE TO NAME IT WAS A STRATEGIC DECISION WARRANTS DENIAL OF HER MOTION PURSUANT TO FED. R. CIV. P. 15(c)(3)(B).**

While Goldwell and Shakour concede, for purposes of this Opposition only, that Plaintiff has satisfied the first two prongs of Rule 15(c)(3), Plaintiff has not proven the third prong – i.e., that she made a mistake in failing to include Shakour as a defendant in her original Complaint. Indeed, record evidence demonstrates that she cannot meet this prong because: (1) Plaintiff

knew that Shakour was her joint employer when she filed her Complaint; and (2) Plaintiff has admitted to later receiving information which confirmed this fact but failed to seek leave to amend her Complaint for several months after the December 27, 2004 statute of limitations date had passed. Plaintiff's action (or lack thereof) caused Shakour to reasonably believe that Plaintiff had made a strategic decision not to name it as a party to this lawsuit; that is, Shakour reasonably concluded that Plaintiff had consciously chosen not to sue it. See Leonard v. Parry, 219 F.3d at 29; Kilkenny v. Arco Marine Inc., 800 F.2d at 857. As such, Plaintiff cannot meet the requirements of Rule 15(c)(3), and her Motion should be denied.

### A. Plaintiff Had All of The Relevant Information Concerning Shakour's Joint Employer Status When She Filed Her Complaint, And Her Failure to Name Shakour Plainly Cannot Be Construed As a "Mistake."

Plaintiff's representations to this Court regarding her knowledge of Shakour's joint-employer status when she filed her Complaint in April 2004 are disingenuous, at best. Plaintiff states that she had only a few "indicia" that Shakour was her employer and implies that the deposition of Renee Shakour, taken on October 7, 2004, disclosed eight additional "indicia" which, Plaintiff suggests, informed her for the first time that she was jointly employed by the two companies.[1] (See *Plaintiff's Motion*, at pp. 4, 12.) Contrary to Plaintiff's statements, the record evidence demonstrates that Renee Shakour's deposition provided Plaintiff with no new information material to Shakour's joint-employer status. To the contrary, Plaintiff already possessed all material information through MCAD proceedings and discovery in this action.

---

[1]  Plaintiff contends that Ms. Shakour's deposition revealed the following eight "indicia": (1) Shakour shared the expense of Plaintiff's salary, which was paid to her by Goldwell, and Shakour reimbursed Goldwell for its share ; (2) Jon Shakour owns 100 percent of Shakour and 50 percent of Goldwell; (3) the companies functioned as "sister" corporations; (4) the companies co-assigned job duties to Plaintiff; (5) the companies coordinated Plaintiff's schedule; (6) the companies shared a combined sales report for ARTec brand products; (7) Renee Shakour was involved in the decision to terminate Plaintiff; and (8) Ms. Shakour admitted that Shakour was Plaintiff's co-employer and that she regarded Goldwell and Shakour as interchangeable. (See *Plaintiff's Motion* at pp. 4-5.)

Of the eight "indicia" Plaintiff contends were revealed during Renee Shakour's deposition, six had already been disclosed to Plaintiff during MCAD proceedings (approximately two years before Plaintiff filed her civil complaint) and during discovery in the present action (approximately eight months before she filed her Motion to Amend). The remaining two are not material to Shakour's employer status. (See *Plaintiff's Motion* at pp. 4, 12.) Each "indicia" is discussed below:

1. Shared Salary Expense. Plaintiff suggests that the sharing of salary expenses by Goldwell and Shakour was first revealed at Renee Shakour's deposition. However, the fact that Shakour "reimbursed Goldwell for [Plaintiff's] services to R.G. Shakour" had already been expressly disclosed to Plaintiff in Goldwell's MCAD Position Statement. (See Exhibit A, at p. 2.)

2. Common Ownership. Plaintiff suggests that the common ownership of Goldwell and Shakour was first revealed at Renee Shakour's deposition. However, the fact that Jon Shakour and John Foundas are joint owners of Goldwell, and that Jon Shakour owns 100% of Shakour, had already been expressly disclosed to Plaintiff through Goldwell's discovery responses in both the MCAD action and this civil action. (See Exhibit C, Response No. 3, at p. 8; Exhibit D, Answer No. 6 at p. 4.)

3. "Sister" Corporations. Plaintiff suggests that the relationship of Goldwell and Shakour as "sister" corporations was first revealed at Renee Shakour's deposition. However, the fact that Shakour and Goldwell are "affiliated companies" with a referral relationship and some common ownership and clients had already been expressly disclosed to Plaintiff through Goldwell's MCAD Position Statement and Goldwell's discovery responses in both the MCAD action and this civil action. (See Exhibit A, at p. 2; Exhibit C, at p.8; Exhibit D at p.4.)

4. Co-Assignment of Job Duties. Plaintiff suggests that the co-assignment of job duties by Goldwell and Shakour was first revealed at Renee Shakour's deposition. However, the

following facts had already been disclosed in Goldwell's Position Statement and in Goldwell's discovery responses in both the MCAD action and this civil action:

    a.    Plaintiff "provided services as ARTec Brand Manager to Shakour";

    b.    Plaintiff reported to Ms. Shakour "regarding [Plaintiff's] work on behalf of Shakour"; and

    c.    Plaintiff managed Goldwell and Shakour's subcontractors.

(See Exhibit A at p. 2; Exhibit B at p.3; Exhibit C, at p. 2.; Exhibit D at pp. 2-3.) Further, during MCAD proceedings, Plaintiff herself admitted that, during the course of her employment, Renee Shakour had given Plaintiff at least one raise, compliments on her job performance, and specific job instructions. (See Exhibit B, at p. 3.) Moreover, these facts would have been self-evident to Plaintiff during her employment, as she was the person actually performing the services for both companies.

5.    Coordination of Job Schedule. Plaintiff suggests that the coordination of Plaintiff's job schedule by both Goldwell and Shakour was first revealed at Renee Shakour's deposition. However, the following facts had already been disclosed in Goldwell's Position Statement and in Goldwell's discovery responses in both the MCAD action and this civil action:

    a.    Plaintiff "provided services as ARTec Brand Manager to Shakour";

    b.    Plaintiff reported to Ms. Shakour "regarding [Plaintiff's] work on behalf of Shakour"; and

    c.    Plaintiff managed Goldwell and Shakour's subcontractors.

(See Exhibit A at p. 2; Exhibit C, at p. 2.; Exhibit D at pp. 2-3.)

6.    Shared ARTec Sales Report. Plaintiff contends that the sharing of ARTec Sales Reports by Goldwell and Shakour was first revealed at Renee Shakour's deposition. However, this "indicia" is entirely unrelated to Plaintiff's relationship with Goldwell and Shakour and, as such, cannot be used by Plaintiff as an excuse for failing to name Shakour in her original Complaint. Even if Plaintiff had sought to add Shakour to this action immediately after learning that Goldwell and Shakour shared an ARTec Sales Report,

which she did not, it is plainly unbelievable that this piece of information caused Plaintiff to realize that she was jointly employed by Goldwell and Shakour.

7.   Renee Shakour's Involvement in Termination. Plaintiff suggests that Renee Shakour's involvement in the termination of Plaintiff's employment was first revealed at Ms. Shakour's deposition. However, Ms. Shakour had already been identified as an individual "involved in the decision" to layoff Plaintiff in Goldwell's discovery responses in both the MCAD action and this civil action. (See Exhibit C, at p. 4; Exhibit D, at p. 6.)

8.   Renee Shakour's Admissions. Plaintiff contends that Renee Shakour "admitted" at her deposition that Goldwell and Shakour were joint employers and that she viewed the companies as "interchangeable." However, Renee Shakour's so-called "admissions" amount to little more than her opinion regarding the companies' relationship with each other. Even if Plaintiff had sought to add Shakour to this action immediately after learning of Renee Shakour's opinion, which she did not, Plaintiff cannot justify her delay based on this alleged "admission."

In sum, the eight "indicia" now identified in Plaintiff's Motion do not excuse her delay in naming Shakour in this action. Despite her contrary representations to this Court, Plaintiff already knew all material facts regarding Shakour's employer status when she filed her Complaint in April 2004 and, nevertheless, failed to include it as a defendant. Plaintiff's deliberate action was not a mistake. See Leonard v. Parry, 219 F.3d at 29; Wells v. HBO & Co., 813 F. Supp. at 1567 ("[e]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset").

B.   **Plaintiff's Failure to Add Shakour Before The Expiration of the Statute of Limitations Led Shakour to Believe That Plaintiff Did Not Intend To Name It In this Suit.**

As set forth above, Plaintiff possessed sufficient information to determine that Shakour was her joint-employer when she filed her Complaint in April 2004. See infra at § II(A).

Despite her having such knowledge, however, Plaintiff failed to name Shakour as a defendant. Plaintiff's action caused Shakour to conclude that Plaintiff had made a deliberate decision to omit Shakour from this action. Moreover, even assuming *arguendo* that Plaintiff did not possess sufficient information to name Shakour as a defendant until the happening of Ms. Shakour's deposition on October 7, 2004, Plaintiff still delayed amending her Complaint for another <u>five (5) months</u> after Ms. Shakour's deposition, and <u>two (2) months</u> after the statute of limitations on her claims expired.

Plaintiff's continued failure to name Shakour in this action -- despite possessing sufficient information to know that she was also employed by Shakour -- caused Shakour to believe that Plaintiff declined to name it for strategic reasons; Shakour could not reasonably have believed that Plaintiff had simply made a mistake. Shakour should not, "in the face of the [P]laintiff's inaction during the limitations period, be held thereafter to know that but for a mistake in identity" it would be joined as a party. See <u>Kilkenny v. Arco Marine, Inc.</u> 800 F.2d at 857; <u>see also</u> <u>Leonard v. Parry</u>, 219 F.3d at 29 (plaintiff's post-filing action, or inaction, "can inform a defendant's reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice.")

Plaintiff's failure to include Shakour in her original Complaint and subsequent failure to amend her Complaint before the running of the statute of limitations cannot be viewed as a mistake. Plaintiff is accordingly barred from now amending her Complaint to add Shakour since Shakour reasonably believed that Plaintiff had made a deliberate decision not to sue Shakour. See <u>Leonard v. Parry</u>, 219 F.3d at 29; <u>Kilkenny v. Arco Marine, Inc.</u>, 800 F.2d at 857.

### III. PLAINTIFF'S UNEXPLAINED DELAY IN SEEKING LEAVE TO AMEND HER COMPLAINT WARRANTS DENIAL OF HER MOTION PURSUANT TO FED. R. CIV. P. 15(a).

To prevail on her Motion, Plaintiff must show that justice requires this Court's grant of leave to amend her Complaint. The facts of record necessitate the opposite conclusion. See FED.R.CIV.P. 15(a); Leonard v. Parry, 219 F.3d at 30.

Plaintiff's delays in naming Shakour as a defendant in this action are unexplained and inexcusable. The record establishes that Plaintiff possessed more than sufficient knowledge to be aware of Shakour's joint-employer status at the time that she filed her Complaint. Despite this, she:

1. Failed to name Shakour in that Complaint;

2. Failed to move to amend until more than seven months after the time for filing amendments and/or supplements to the pleadings expired on August 1, 2004 pursuant to the Court's Scheduling Order;

3. Failed to move to amend until more than five months after the deposition of Renee Shakour on October 7, 2004 (i.e., five months after she admits that she had knowledge of the "indicia" of Shakour's employer status); and

4. Failed to move to amend until more than two months after the statute of limitations had run on December 27, 2004.

The record demonstrates that no new, material information became available to Plaintiff after she filed her Complaint. Moreover, even assuming that Renee Shakour's October 2004 deposition was the first moment that Plaintiff understood Shakour to be her co-employer, she still failed to amend her Complaint until five months after that deposition and more than two months after the December 27, 2004 statute of limitations had run. Justice does not warrant allowance of Plaintiff's motion; to the contrary, justice dictates denial of the motion. See FED. R.

CIV. P. 15(a); Leonard v. Parry, 219 F.3d at 30, citing Foman v. Davis, 371 U.S. 178, 182 (1962) (undue delay constitutes grounds to deny leave to amend pursuant to Rule 15(a)).

### Conclusion

Plaintiff has failed to demonstrate that leave to amend her Complaint should be granted by this Court. Her failure to include Shakour in her original Complaint, when viewed in light of her extensive knowledge, cannot be construed as a mistake and, by letting the December 27, 2004 statute of limitations pass without seeking leave from this Court to amend, Plaintiff unfairly caused Shakour to believe that Plaintiff had made a tactical decision to omit it from this action. Accordingly, Plaintiff cannot meet the requirements of FED. R. CIV. P. 15(c)(3)(B) or FED. R. CIV. P. 15(a).

WHEREFORE Defendant Goldwell of New England, Inc. respectfully requests that this Court deny Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint.

GOLDWELL OF NEW ENGLAND, INC.

By its attorneys,

Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Christine S. Collins, BBO#639293
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: April 11, 2005