# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEANNE DEGAN,<br>        Plaintiff,<br><br>v.<br><br><br>GOLDWELL OF NEW<br>ENGLAND, INC.,<br>        Defendant. | **CIVIL ACTION NO. 04CV11024 RWZ**<br><br>**Jonathan R. Sigel**<br>**BBO# 559850** |

## DEFENDANT'S RESPONSE TO PLAINTIFF JEANNE DEGEN'S FIRST SET OF INTERROGATORIES FOR DEFENDANT GOLDWELL OF NEW ENGLAND, INC.

Defendant Goldwell of New England, Inc. (hereinafter "Goldwell" or "the Company") responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS/RESPONSE

1.     Goldwell objects to each and every interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

2.     Goldwell objects to each and every interrogatory to the extent that it purports to establish a continuing duty to supplement, or seeks to impose any duty, beyond those imposed by the Massachusetts Rules of Civil Procedure.

3.     Goldwell objects to Plaintiff's First Set of Interrogatories because the number of interrogatories, including interrogatories subsidiary or incidental to, or dependent on other interrogatories, exceeds the number allowed by Mass.R.Civ.P. 33(a).

4.     Some interrogatories may be answered by reference to the option to produce business records in accordance with Mass.R.Civ.P.33(c). With respect to records or documents deemed confidential by Goldwell, Goldwell has identified such documents by marking them "Confidential," and they have been or will be produced subject to the parties' Confidentiality Agreement. Therefore, Goldwell is not raising specific confidentiality objections herein.

5.     Goldwell objects to the time period covered by a number of the interrogatories - i.e., periods dating from August 1998 and earlier - as overly broad.

6.    Each of the General Objections shall be deemed to apply to each of the Plaintiff's separate interrogatories.

## RESPONSES TO INTERROGATORIES

1.    Please state your name, business address, title of the positions/offices you currently hold and have held at Goldwell, the dates of such offices, and state whether prior to answering these interrogatories you have made a due and diligent search of the Defendant's books, records, and papers and a due and diligent inquiry of the Defendant's agents and employees.

RESPONSE NO. 1:    Mary M. Garneau, General Manager
Goldwell of New England, Inc.
375 Hopping Brook Road
Holliston, MA 01746.

Yes.


2.    Identify each and every position occupied by the Plaintiff while an employee at the Defendant. For each position identified, include in your answer (1) the title of the position; (2) the job description of the position; (3) the qualifications and/or selection criteria for the position; (4) the dates Plaintiff occupied the position; (5) the supervisors to whom Plaintiff reported while in the position; and (6) the dates of the supervisor's supervision of Plaintiff.

RESPONSE NO. 2:    Plaintiff performed the position of "ARTec Brand Manager," which position she held throughout her employment by Goldwell. Goldwell employed Plaintiff in the position of ARTec Brand Manager from on or about August 31, 1998 to December 27, 2001. ARTec "reimbursed" Goldwell for a percentage of Plaintiff's compensation.

Beginning in April 2000 and continuing through the end of her employment, Plaintiff also provided services as ARTec Brand Manager to R.G. Shakour, Inc. ("R.G. Shakour"). As ARTec Brand Manager, Plaintiff held responsibility for developing sales of ARTec products, conducted training classes about ARTec products at various salons, and managed the Goldwell and R.G. Shakour subcontractors who also conducted such training. One of Plaintiff's most important job duties was the production and administration of various paperwork regarding the training classes conducted by subcontractors. In that regard, Plaintiff was required to prepare salon evaluations, class evaluations, "detailing" reports and weekly calendars, and then submit those documents directly to ARTec

on a weekly basis. She was required to submit other paperwork, such as monthly calendars, to ARTec on a monthly basis. Plaintiff reported to Sheryl Holladay, Goldwell's Director of Education, regarding her work for Goldwell; Plaintiff reported to R.G. Shakour's President, Renee Shakour, regarding her work on behalf of R.G. Shakour.

Also see documents produced by Goldwell in response to Request No. 2 of Plaintiff's Request for Production of Documents in the parties' MCAD case.

3.    If the Defendant alleges that Plaintiff's job performance was a factor in its decision to lay off or terminate her, state each and every fact supporting the Defendant's contention, if it so contends, that Plaintiff performed her job in an unsatisfactory manner. Please include in your answer a description of all instances in which Plaintiff performed in an unsatisfactory manner and

a.    a description of the instance;
b.    the date of the instance;
c.    the time and location that the incident took place;
d.    a full identification, including last known address and telephone numbers, of all individuals who witnessed each instance; and
e.    the identification of any document(s) concerning or describing the instance.

RESPONSE NO. 3:    Goldwell does not allege that Plaintiff's job performance was a factor in the Company's decision to terminate her employment.

4.    Identify each and every communication and/or document relating to the Plaintiff and concerning whether

a.    Plaintiff was able or qualified to perform her job;
b.    Plaintiff had been satisfying the requirements of her job
c.    Plaintiff had violated any policies of the Defendant;
d.    Plaintiff was or should be warned, disciplined, and/or terminated; and
e.    Plaintiff met the companies' goals, expectations, and/or quotas.

RESPONSE NO. 4:    Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See the following documents produced in connection with the parties' MCAD case: Attachment 1 to Goldwell's answers to Complainant's Interrogatories; and documents produced by Goldwell in response to Request No. 2 of Complainant's Request for Production of Documents.

5.      Identify each and every communication and/or document concerning Plaintiff's medical

condition and/or including but not limited to, each and every communication between and/or

among Mary Garneau, Renee Shakour, Sheryl Holladay, John Foundas, and/or Human

Resources personnel concerning Plaintiff's medical condition.

RESPONSE NO. 5:    Objection.  This interrogatory is overly broad, burdensome and vague and
                   seeks information which is neither relevant to the subject matter involved
                   in the pending action nor reasonably calculated to lead to the discovery of
                   admissible evidence.  Notwithstanding this objection, and without waiving
                   same, Goldwell responds to this interrogatory as follows:

                   See the following documents produced in connection with the parties'
                   MCAD case:  Attachment 1 to Goldwell's answers to Complainant's
                   Interrogatories; documents produced by Goldwell in response to Request
                   No. 2 of Complainant's Request for Production of Documents; and
                   documents produced by Complainant in response to Goldwell's Request
                   for Documents (attached to Notice of Complainant's Deposition).

6.      Identify in detail the business relationship between and/or among Goldwell, R.G.

Shakour, and Artec.  Please include in your answer:

a.      The identity of the shareholder(s) and/or owners of each entity, respectively;
b.      the identity of the officers of each entity, respectively; and
c.      a full description of each and every overhead item, e.g., facilities, payroll, insurance,
        and/or staff, shared by any and/or all of these entities.

RESPONSE NO. 6:    Objection.  This request is overly broad, burdensome and vague and seeks
                   information which is neither relevant to the subject matter involved in the
                   pending action nor reasonably calculated to lead to the discovery of
                   admissible evidence.  Notwithstanding this objection, and without waiving
                   same, Goldwell responds to this interrogatory as follows:

                   Goldwell and R.G. Shakour are separate corporate entities.  Like
                   Goldwell, R.G. Shakour distributes hair care products to various hair
                   salons.  The companies have some clients in common, and they refer
                   business to each other.  Fifty per cent (50%) of Goldwell is owned by John
                   Foundas, and the other 50% is owned by Jon Shakour, who is the owner of
                   100% of R.G. Shakour.  However Goldwell and R.G. Shakour are
                   completely separate entities, with separate facilities, management,
                   employees, payroll and insurance.  John Foundas is President and
                   Treasurer of Goldwell.  John Shakour is President and Treasurer of R.G.
                   Shakour.

It is Goldwell's understanding that ARTec is now owned by the L'Oreal company; however, Goldwell does not have knowledge of the information requested regarding ARTec.

7.    Identify each and every insurance policy held by the Defendant and/or R.G. Shakour.

Include in your answer:

(a) the identity of the entity that issued the policy;
(b) the date the policy was issued;
(c) the date of expiration of the policy; and
(d) the identity of each and every liability covered by the policy.

RESPONSE NO. 7:    Objection.  This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Goldwell is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy such judgment.

8.    Identify each and every reason why Plaintiff was terminated or laid off.  Please include in your answer:

a.    An identification of each and every fact upon which the Defendant relied in deciding to terminate Plaintiff's employment
b.    the identity of each and every individual with knowledge of the fact(s) upon which the Defendant relied in deciding to terminate Plaintiff; and
c.    the identity of each and every individual who participated in the decision and the role played by the individual, whether employed by or a principal of Goldwell, Shakour, and/or Artec.

RESPONSE NO. 8:    Objection.  This interrogatory is overly broad, burdensome and vague.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Plaintiff was laid off and her employment was terminated on December 27, 2001 because the ARTec Brand Manager position (which Plaintiff held) was eliminated.  Goldwell management had discussed the possibility of eliminating that position since August 2001 when Goldwell became especially concerned with the increasing amounts it was spending on

product education while, at the same time, ARTec product sales were not increasing. During the last year of Plaintiff's employment, ARTec had numerous discussions with R.G. Shakour and Goldwell about such unsatisfactory sales performance.

The individuals who were involved in the decision to eliminate the ARTec Brand Manager position and layoff Plaintiff were John Foundas, Sheryl Holladay, formerly Goldwell's Director of Education, and Renee Shakour, Vice President of R.G. Shakour.

Individuals with knowledge of the facts on which Goldwell relied in deciding to layoff Plaintiff include but are not necessarily limited to the following: Mary M. Garneau; John Foundas; Sheryl Holladay; Renee Shakour; and Brooke Carlson and Andrew Bartfield (both of whom, Goldwell believes, are currently employed by L'Oreal).

9.     For each and every part-time or full-time position and/or job, whether management, education, or sales, that was filled from August 1, 1998 to the present, provide (a) a description of the job and/or position, including days and/or hours to be worked; (b) the name of the individuals who interviewed for the position and/or job; and (c) a detailed description of the interviewee's professional background, qualifications, and/or previous affiliation with the Defendant, R.G. Shakour, and/or Artec.

RESPONSE NO. 9:     Objection. This interrogatory is overly broad, burdensome and vague. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See **Exhibit 1** attached hereto. Also see Attachment 2 to Goldwell's answers to Complainant's Interrogatories in the parties' MCAD case.

10.     Please identify each and every employee who was laid off between October 1, 2001 and March 1, 2002. For each employee identified, please include in your answer (a) the employee's job title; (b) the date of the lay-off; (c) the reason(s) for the lay-off; and (d) the identity of the individual(s) who made the decision to lay off the employee.

RESPONSE NO. 10:     Objection. This interrogatory is overly broad, burdensome and vague. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Plaintiff is the only individual who Goldwell laid off during the time period requested. (See Goldwell's response to Interrogatory 8 above.) Goldwell is informed that Plaintiff is the only individual who R.G. Shakour laid off during the time period requested.

11. Identify each and every employee who was terminated from August 1, 1998 to the present. For each employee identified, please include in your answer (a) the employee's job title; (b) the date of the termination; (c) the reason(s) for the termination; and (d) the identity of the individual(s) who made the decision to terminate the employee.

RESPONSE NO. 11: Objection. This interrogatory is overly broad, burdensome and vague. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows: Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See **Exhibit 2** attached hereto.

12. Identify each and every individual, whether a temp, contract worker, new hire, and/or an employee of the Defendant, R.G. Shakour, and/or Artec, who performed any and/or all of the Plaintiff's job responsibilities after the Plaintiff was terminated or laid off, from December 27, 2001 to the present. For each individual identified, include in your answer (a) the individual's job title; (b) the job responsibilities of the Plaintiff that the individual assumed; (c) the individual's qualifications and professional background for assuming Plaintiff's job responsibilities; (d) the identity of any position(s) held by the individual at the Defendant, R.G. Shakour, and/or Artec, prior to assuming Plaintiff's job responsibilities; (e) whether the individual has a disability, and if so, the identity of the disability; (f) the identity of the individual(s) who made the decision to hire and/or to transfer the employee to assume Plaintiff's job responsibilities; (g) the dates during which the individual performed Plaintiff's job responsibilities, and if subsequently terminated or transferred, the reason(s); and (h) the identity of each and every communication and/or document concerning the hire or transfer of the individual to assume job responsibilities, which the Plaintiff had previously performed.

RESPONSE NO. 12: Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved

in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:  Following Plaintiff's layoff, Sheryl Holladay supervised educators (subcontractors) and performed paperwork and scheduling regarding the educators; Traci Hurd, Administrative Assistant (Education) at Goldwell, performed telephone work regarding scheduling educator classes.  (Ms. Holladay and Ms. Hurd ceased performing such duties when ARTec ceased to be a Goldwell customer in April 2003.)

Goldwell is informed that, following Plaintiff's layoff, Lisa Kelley, R.G. Shakour's former Director of Education, taught classes; Debra Wilson, R.G. Shakour's former Education Coordinator, taught classes, scheduled educators and performed various administrative duties; Laurie Viapiano, R.G. Shakour's former Human Resources Manager, performed some administrative duties; and various part-time educators (i.e., non-employee contractors) taught classes.

It is noteworthy that ARTec did not reimburse Goldwell or R.G. Shakour for the work of any of the Goldwell and R.G. Shakour employees (or any of the part-time educators) identified above.

13.    Identify each and every employee who was pregnant at the time she was terminated or laid off, from August 1, 1998 to the present.  For each employee identified, please include in your answer (a) job title; (b) date of termination or lay-off; (c) the reason(s) for the termination or lay-off; (d) the identity of the individual(s) who made the decision to terminate or lay off the employee; and (e) the identity of each and every communication concerning the decision to terminate or lay off the employee.

RESPONSE NO. 13:  Objection.  This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

14.    Identify each and every reason why Sarah Duffey was terminated.  Include in your answer a complete descriptive summary of her reviews, sales, and performance ratings.

RESPONSE NO. 14:  Objection.  This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Sarah Duffy's employment with Goldwell terminated for legitimate, non-discriminatory reasons – namely, because the Company determined that she was unable to perform the essential functions of her position (i.e., Account Executive).

15.    Please identify, in full, the history of Artec's volume, sales, and financial status, from August 1, 1998 to the present.

RESPONSE NO. 15:    Objection.  This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See Attachment 4 to Goldwell's answers to Complainant's Interrogatories in the parties' MCAD case.  See additional documents produced in response to Request No. 11 of Plaintiff's First Set of Document Requests.

16.    Identify each and every reason why Plaintiff was not offered another part-time and/or full-time position with the Defendant, R.G. Shakour, and/or Artec when openings were or became available, from December 17, 2001 to the present.

RESPONSE NO. 16:    Objection.  This interrogatory is vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Neither Goldwell nor R.G. Shakour was under any obligation to offer Plaintiff another position within the companies, and Plaintiff did not apply for any other positions following her layoff.  In any event, Goldwell did, in fact, offer Plaintiff a position as a subcontractor to conduct ARTec product training; Plaintiff declined to accept that offer.  Goldwell has no knowledge or information regarding whether ARTec ever considered employing Plaintiff, whether any positions became available at ARTec or whether Plaintiff ever applied for employment with ARTec.

17.    Identify each and every account executive, from August 1, 1998 to the present.  For each account executive identified, please include in your answer the account executive's Artec sales numbers concerning the Defendant and/or R.G. Shakour during the account executive's employment.

RESPONSE NO. 17:  Objection.  This interrogatory is vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See Exhibit 1 attached hereto; see documents produced in response to Request No. 11 of Plaintiff's First Set of Document Requests.  Also see Attachment 4 to Goldwell's answers to Complainant's Interrogatories in the parties' MCAD case.

18.    Identify the job posting and/or job advertising policies and procedures of the Defendant, R.G. Shakour, and/or Artec, from December 27, 2001 to the present.

RESPONSE NO. 18:  Objection.  This interrogatory is vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

It is Goldwell's general practice to post notices of open positions on its employee bulletin board.  It is also Goldwell's practice to seek candidates from outside of the Company by advertising for available positions in various publications.  Goldwell does not have a policy for job posting or advertising for available positions.

Goldwell is informed that it is R.G. Shakour's policy to post notices of available positions on its employee bulletin board and to seek candidates from outside of the Company by advertising for available positions in various publications.  Goldwell is also informed that R.G. Shakour's policy requires its employees who are interested in applying for internal open positions to complete an "internal job application" form.

Goldwell further states that neither Goldwell nor R.G. Shakour (to Goldwell's knowledge) has access, or any right to access, any requested information or documentation regarding ARTec.

19.    Identify each and every complaint, whether formal or informal, oral or written, internal or external, concerning disability discrimination, accommodation of a disability, medical leave, the Family Medical Leave Act, worker's compensation, and/or retaliation, which has been made

against the Defendant, R.G. Shakour, and/or Artec, from 1990 to the present. For each complaint identified, include in your answer (a) the date of the complaint; (b) the identity of the individual who complained; (c) the substance of the complaint; (d) each and every remedial and/or disciplinary action taken to address the complaint; and (e) the identity of each and every document memorializing and/or concerning the complaint.

RESPONSE NO. 19: Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which unnecessarily invades the privacy of individuals having no relationship to the pending action. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

To the best of Goldwell's knowledge, Sarah Duffy is the only Goldwell employee (or former employee) other than Plaintiff to claim that she was subjected to disability discrimination by the Company. Specifically, Ms. Duffy claimed that her employment was terminated on the basis of her medical condition. Ms. Duffy's claim was "informal"; no related administrative or court complaint was ever filed. Goldwell further states that neither Goldwell nor R.G. Shakour (to Goldwell's knowledge) has access, or any right to access, any requested information or documentation regarding ARTec.

20.    Identify each and every employee of the Defendant, R.G. Shakour, and/or Artec who has requested medical leave and/or health-related leave, including pregnancy leave, from 1990 to the present. For each employee identified, include in your answer (a) the date of the request; (b) the nature of the request, e.g., type and/or duration of leave requested; (c) whether the request was granted or denied; (d) the nature and dates of any leave taken by the employee; and (e) if the employee was terminated or laid off, the date of and the reason for the termination or lay-off.

RESPONSE NO. 20: Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which unnecessarily invades the privacy of individuals having no relationship to the pending action. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory regarding employees of Goldwell as follows:

- Plaintiff (see documents produced by Goldwell in response to Request No. 2 of Complainant's Request for Production of Documents).

- Employee A:  Employee A was granted a maternity leave of absence from September 2, 2003 though November 10, 2003. Employee A worked partial hours beginning in her fifth week of leave performing telephone work and attending sales meetings.

- Employee B:  Employee B was granted a maternity leave of absence from January 24, 2002 through April 26, 2002, at which time she voluntarily left Goldwell.  In March 2003, Employee B returned to Goldwell on a part-time basis (with flexible hours).

- Employee C:  Employee C was granted a maternity leave of absence from January 7, 2002 through March 22, 2002, at which time she voluntarily left Goldwell.  In September 2002, Employee C returned to Goldwell on a part-time basis.

- Employee D:  Employee D was granted a maternity leave of absence from August 29, 2001 through October 1, 2001.

- Employee E:  Employee E was granted a maternity leave of absence from May 11, 1998 through August 10, 1998 for the birth of her first child.  After that leave, she requested and was granted a change in her work schedule from full-time to part-time (i.e., three days per week).  Employee E also took a leave of absence from July 27, 2001 through October 23, 2001 for the birth of her second child.

Also see Goldwell's response to Request No. 22 (below).

Goldwell further states that neither Goldwell nor R.G. Shakour (to Goldwell's knowledge) has access, or any right to access, any requested information or documentation regarding ARTec.

21.    Identify each and every agreement entered into by the Defendant, R.G. Shakour, and/or Artec with the Plaintiff concerning Plaintiff's performance of job responsibilities at her home office. For each agreement identified, please include in your answer (a) the date of the agreement; (b) the parties to the agreement; (c) the substance of the agreement; (d) the term of the agreement; (e) whether the agreement was terminated; and (f) if terminated, the date of and reason(s) for the termination.

RESPONSE NO. 21:  Objection.  This interrogatory is vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Beginning in or about April 2000, Goldwell permitted Plaintiff to regularly work at her home on Fridays to perform some of her duties, including her paperwork.  However, Goldwell is not aware of any written "agreement" regarding such work arrangement.

22.    Identify each and every employee who has requested an accommodation for a disability and/or for a health-related problem, including pregnancy, from 1990 to the present.  For each employee identified, include in your answer (a) the date of the request; (b) the nature of the request, e.g., type and/or duration of the accommodation requested; (c) whether the request was granted or denied; (d) the nature and dates of any accommodation provided to the employee; and (e) if the employee was terminated or laid off, the date of and the reason for the termination or lay-off.

RESPONSE NO. 22:  Objection.  This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which unnecessarily invades the privacy of individuals having no relationship to the pending action.  Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory regarding employees of Goldwell as follows:

- Plaintiff (see documents produced by Goldwell in response to Request No. 2 of Complainant's Request for Production of Documents).

- Employee F:  Employee F requested and received several accommodations from Goldwell regarding her medical condition over the course of several months in 2001.  Such accommodations included allowing her to work a reduced work schedule and providing her with time off to engage in treatments and diagnostic procedures.

- Employee G:  Employee G had surgery and was granted a leave of absence from March 17, 2003 through May 5, 2003.  On June 30, 2003, Employee G's position was eliminated and she was laid off.

- Employee H:  Employee H (an order picker) was in a motor vehicle accident on December 12, 2003.  Goldwell accommodated

Employee H's medical condition/restrictions by providing her with a leave of absence and then, upon her return, providing her with light duty clerical and "returns" work for several weeks.

- Employee I: Employee I was in a motor vehicle accident in June 20, 2003. Goldwell accommodated Employee I's medical condition/restrictions by providing her with a leave of absence and then allowing her to work on a restricted basis in July 2003.

23.    Please identify each and every individual who has any facts or information relevant to the claims or defenses of this action.

RESPONSE NO. 23: See Goldwell's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) dated July 14, 2004. Goldwell reserves the right to supplement such disclosures pursuant to Fed.R.Civ.P. 26(a).

24.    Identify each and every individual who will be called as a witness at the trial of this action.

RESPONSE NO. 24: Goldwell has not yet made a decision regarding who will be called as witnesses at the trial of this matter and otherwise refers to the individuals who have been identified in Goldwell's Initial Disclosures. Goldwell reserves the right to identify trial witnesses in accordance with the Federal Rules of Civil Procedure.

25.    State in detail the Plaintiff's salary or hourly rate, whichever is applicable, commissions, bonuses, and any other benefits or expense accounts the Plaintiff was receiving at the time she was employed with the Defendant. Include in your answer an identification of the monetary value and/or income-in-kind value of the non-monetary benefits Plaintiff received as an employee.

RESPONSE NO. 25: Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

See documents produced by Goldwell in response to Request No. 2 of Complainant's Request for Production of Documents in the parties' MCAD case. See documents produced in response to Request No. 4 of Plaintiff's First Set of Document Requests

26.    Identify, in full, (a) the two health care providers whose names the Defendant gave to the Plaintiff for a second medical opinion about her condition and (b) each and every reason why the Defendant requested that the Plaintiff obtain a second medical opinion about her condition.

RESPONSE NO. 26:    The two health care providers to whom Goldwell referred Plaintiff in order to obtain a second opinion regarding the medical certification of her requested FMLA leave are (1) Dr. Alan Solomon and (2) Framingham Orthopedic Associates. (See documents produced by Goldwell in response to Request No. 2 of Complainant's request for Production of Documents in the parties' MCAD case.)

In the FMLA medical certification which Plaintiff provided to Goldwell, Plaintiff's physician, Dr. Slezak, indicated that Plaintiff was limited to driving only four days per week, but he did not explain how Plaintiff's condition or treatment prevented her from performing any work on one day each week for an indefinite period. Pursuant to FMLA regulations, Goldwell required a second medical opinion by a doctor of its own choosing because Goldwell questioned the validity of Dr. Slezak's medical certification, which, like his earlier reports, was not sufficiently explicit. In addition, the document contained an entry which was apparently written by Plaintiff – not Dr. Slezak.

27.    Please identify (a) each and every way in which the Plaintiff's medical status and/or health status represented, constituted, and/or posed a "liability" to the Defendant, R.G. Shakour, and/or Artec and (b) each and every communication and document concerning the Plaintiff's medical status and/or health status representing, constituting, and/or posing a liability.

RESPONSE NO. 27:    Objection. This interrogatory is overly broad, burdensome and vague and seeks information which is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiving same, Goldwell responds to this interrogatory as follows:

Goldwell assumes that this interrogatory refers to a comment which was made to Plaintiff at a meeting on or about October 5, 2001 between Plaintiff and managers Sheryl Holladay, John Foundas and Mary Garneau. At that meeting, among other things, the managers explained to Plaintiff their need for her to work in Goldwell's Holliston office on Fridays, and Plaintiff explained her medical condition. As Ms. Garneau documented in her notes regarding that meeting: "We [the managers] instructed her [Plaintiff] to get a medical appointment as soon as possible and to cancel the meeting in Holliston on Monday until we had medical verification of her limits for work. We stated that now that we are aware we have a

liability and have to protect her and the company." (See note to Plaintiff's personnel file contained in documents produced by Goldwell in response to Request No. 2 of Complainant's Request for Production of Documents in the parties' MCAD case.) By that comment, Ms. Garneau merely intended to convey that if Goldwell directed Plaintiff to perform an activity (e.g., driving) which she was medically restricted from performing (as Plaintiff indicated she was) and such activity resulted in Plaintiff becoming injured, then Goldwell could be liable for permitting/directing her to drive under such circumstances. As Ms. Garneau clearly indicated in her notes, Goldwell was concerned about protecting both the Company and Plaintiff.

Signed under the penalties of perjury this ___30___ day of August 2004.

GOLDWELL OF NEW ENGLAND, INC.

By: _____
Mary M. Garneau
General Manager

Signed as to objections by its attorneys,

_____
Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: August 31, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 9/3/04
_____

# EXHIBIT 1

**SALES & MANAGEMENT EMPLOYEES**

**HIRED 1/01/01 -7/31/03**  8/4

CONFIDENTIAL    EXHIBIT 1

| EMPLOYEE | HIRE DATE | POSITION | | |
|---|---|---|---|---|
| SUZANNE DAY | 5/14/2001 | SALES- CT | | |
| SARAH MATTHEWS | 5/14/2001 | SALES-N.H. | | |
| DONNA DAVEIGA | 8/27/2001 | SALES-MA | | |
| LISA ENNIS | 7/2/2001 | SALES-CT. | | |
| DAN JENKINS | 8/13/2001 | SALES-MA. | | |
| KAREN MCEVOY | 8/13/2001 | SALES-MA | | |
| DEB CATES | 10/29/2001 | SALES-VT. | | |
| CANDACE FLYNN | 12/3/2001 | SALES-MA | | |
| STACY ROBERTS | 11/12/2001 | SALES-ME | | |
| | | | | |
| DAVID O'BRIEN | 12/27/2001 | WAREHOUSE MGR | * | |
| PAUL HESSION | 10/1/2001 | OPERATIONS MANAGER | * | |
| | | | | |
| ELLEN BURNS | 3/18/2002 | SKIN CARE SPECIALIST | | |
| KAREN HENEAULT | 1/30/2002 | SALES-RI | | |
| HEATHER BUDRYK | 6/30/2002 | SALES-MA | | |
| MARY ELLEN BURKE | 3/25/2002 | SALES-MA | | |
| DAVID HALLGREN | 3/4/2002 | DIRECTOR OF SALES | | |
| DONNA CARON | 5/6/2002 | REGIONAL MANAGER/SO MA. & RI | REHIRE | |
| JENNIFER THIVERGE | 6/3/2002 | SALES-ME | | |
| ANGELA CORRIVEAU | 6/17/2002 | SALES-MA | | |
| JODI COULOMBE | 9/13/2002 | SALES-CT | | |
| LISA LEAL | 6/17/2002 | URBAN TERRITORY SALES MGR | | |
| DEMETRA JOHNSON | 11/4/2002 | REGIONAL MANAGER/NORTH N.E. | | |
| BRENDA LEWIS | 9/30/2002 | SALES-VT. | | |
| COURTNEY MAGUIRE | 9/30/2002 | SALES-N.H. | | |
| KERRY MCCARTHY | 10/24/2002 | SALES-MA | | |
| AMY PAIS | 9/30/2002 | SALES-MA | | |
| ERICA SCIARRA | 11/13/2002 | SALES-RI | | |
| KAREN SOULE | 9/30/2002 | SALES-MA | | |
| | | | | |
| KAREN NEWSOM | 10/14/2002 | CUSTOMER SERVICE MGR. | * | |
| | | | | |
| | | | | |
| DONNA BUINICKY | 3/19/2003 | SALES-NH | | |
| GAIL SNYDER | 1/22/2003 | DIRECTOR OF SALES | | |
| BRENDA VUMBACK | 4/26/2003 | SALES-CT | | |
| JIM MCARTHUR | 9/2/2003 | REGIONAL MANAGER/NORTH NE | | |
| ALFIDA DIAZ | 9/2/2003 | SPANISH REP | | |
| OLENA KORDON | 9/2/2003 | AG BRAND MANAGER | | |
| DEBORAH A JEAN | 10/27/2003 | SALES ANALYST | * | |
| ROBIN STABLEY | 11/3/2003 | SALES-MA. & CT | | |
| ELIZABETH BARRETT | 12/1/2003 | SALES-RI | | |
| CLAIRE PARK | 7/21/2003 | DIRECTOR OF EDUCATION | * | |
| | | | | |
| ROCHELLE STELLATO | 3/8/2004 | SALES-MA & CT | | |
| NATALIE ARANITI | 3/8/2004 | SALES CT | | |
| JENNIFER STEFANIK | 3/8/2004 | SALES CT | | |
| CARRIE BOKAR | 3/22/2004 | SALES-MA | | |
| MICHELLE TINE | 3/29/2004 | SALES NH | | |
| PETER LYMAN | 5/24/2004 | SALES-MA | | |
| MARTHAS BLAISDELL | 6/1/2004 | SALES-RI | | |
| | | | | |
| * MGMNT/NON SALES | | | | |

# EXHIBIT 2

CONFIDENTIAL

EXHIBIT 2

## GOLDWELL SALES & MANAGEMENT EMPLOYEES
### INVOLUNTARY TERMINATIONS 01/01/01 - 8/12/04

| EMPLOYEE | TERM.DATE | POSITION | REASON | TERMINATION DECISION-MAKER(S) |
|---|---|---|---|---|
| CAROLYN GAFFNEY | 6/20/2001 | SALES-CT. | INSUBORDINATION | Sharon Tosun |
| JOYCE GARABRANT | 6/22/2001 | SALES-CT. | PERFORMANCE | Sharon Tosun |
| LORI SWEENEY | 4/27/2001 | SALES-MA | PERFORMANCE | Sharon Tosun |
| ALAN VAN OVERBEKE | 4/13/2001 | EXEC.V.P. SALES & MARKETING | PERFORMANCE | John Foundas |
| JEANNE DEGAN-HOGAN | 12/27/2001 | ARTEC BRAND MANAGER | PERFORMANCE | Renee Shakour/Sheryl Holladay |
| SARAH DUFFY | 10/31/2001 | SALES-VT | POSITION ELIMINATED | Marc Fontaine |
| ELLEN BURNS | 8/5/2002 | SKIN CAR SPECIALIST | UNABLE TO PERFORM JOB | Sheryl Holladay |
| DAVID HALLGREN | 7/1/2002 | DIRECTOR OF SALES | PERFORMANCE | John Foundas |
| DAN JENKINS | 7/15/2002 | SALES-MA | PERFORMANCE | Donna Caron |
| LESA LEAL | 7/1/2002 | URBAN TERRITORY SALES MGR | PERFORMANCE | David Hallgren |
| PATRICIA SULLIVAN | 10/11/2002 | CUSTOMER SERVICE MANAGER | INSUBORDINATION | Mary Garneau |
| KAREN HENAULT | 10/3/2002 | SALES-MA | PERFORMANCE | Donna Caron |
| SARAH MATTHEWS | 9/24/2002 | SALES-NH | PERFORMANCE | Marc Fontaine |
| KAREN NEWSOM | 2/7/2003 | CUSTOMER SERVICE MGR. | PERFORMANCE | Mary Garneau |
| CYNTHIA CORNELL | 6/30/2003 | SALES-NH | POSITION ELIMINATED | Gail Snyder |
| DAVID O'BRIEN | 6/27/2003 | WAREHOUSE MGR. | POSITION ELIMINATED | Mary Garneau |
| ERICA SCIARRA | 10/13/2003 | SALES-RI | PERFORMANCE | Donna Caron |
| PATRICIA BAKER | 10/7/2003 | SALES CT | PERFORMANCE | Sharon Tosun |
| ROCHELLE STELLATO | 3/24/2003 | SALES-CT. | PERFORMANCE | Sharon Tosun |