UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHCUSETTS

C.A. No. 04-11024-RWZ

|  |  |
|---|---|
| JEANNE DEGAN, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| GOLDWELL OF NEW | ) |
| ENGLAND, INC., | ) |
| Defendant | ) |

MOTION FOR LEAVE OF COURT TO FILE
A REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S COMPLAINT

Pursuant to Local Rule 7.1(B)(3), Plaintiff hereby moves for leave of court

to submit a brief reply to Defendant Goldwell of New England, Inc.'s opposition

to Plaintiff's motion for leave of court to amend her complaint.  The proposed

reply is attached.  Subsequent to the filing of Plaintiff's motion and the filing of

the Defendant's opposition, Goldwell of New England, Inc., for the first time,

conceded at the scheduling conference, through its attorney, Jonathan Sigel, that

R.G. Shakour, Inc. was the joint employer of Plaintiff.  The failure of the

Defendant to previously admit that R.G. Shakour, Inc. was a joint employer, as

well as the Defendant's representations to Plaintiff that Goldwell was her

employer, directly contravene the Defendant's argument that Plaintiff's motion is

untimely.  A short reply is necessary to incorporate the Defendant's recent

admission.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff

leave to file the attached memorandum.

Respectfully submitted,

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MotLeaveReply

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on__4|14|05____.

_____Linda Evans_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSAHCUSETTS

C.A. No. 04-11024-RWZ

|  |  |
|---|---|
| JEANNE DEGAN,<br>　　　　　　　　　Plaintiff<br><br>v.<br><br>GOLDWELL OF NEW<br>ENGLAND, INC.,<br>　　　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND

During the status conference, Goldwell of New England, Inc. (hereinafter

referred to as "Defendant" or "Goldwell"), ***for the first time, conceded that R.G.***

***Shakour, Inc. was the joint-employer of Plaintiff.*** The Defendant made this

admission only after Plaintiff filed her motion for leave to amend her complaint to

add R.G. Shakour, Inc. (hereinafter referred to as "R.G. Shakour") as a defendant

in this action. Notwithstanding the tardiness of Goldwell's admission and its

previous efforts to obscure the relationship between the two companies, Goldwell

now argues that "Plaintiff knew that she was jointly employed by Goldwell and

Shakour when she filed her Complaint." *Defendant's Opp.*, at 1. If, at the time of

her complaint, Plaintiff had known what she later learned from Renee Shakour's

deposition testimony; that is, that Goldwell and R.G. Shakour were "sister"

companies and were interchangeable, she most assuredly would have brought suit against both companies at that time. *Plaintiff' Mem. Leave, Exhibit 1*, at 17, 138.

Plaintiff's discovery inquiries about the relationships and agreements, between or among Goldwell, R.G. Shakour, and/or Artec, further evidence that Plaintiff lacked knowledge about the relationships among the entities for which she provided services and that she required clarification before she could seek to impose liability on R.G. Shakour. *Defendant's Opp.*, at 3.

Goldwell, for its part, successfully obscured Plaintiff's joint-employment in a number of ways. First, *only* Goldwell (1) hired Plaintiff; (2) paid Plaintiff her salary and bonuses throughout her employment; (3) provided Plaintiff with an office; (4) handled Plaintiff's workers' compensation claim; (5) accepted delivery of Plaintiff's doctor's notes; (6) provided Plaintiff with an FMLA leave application; (7) required Plaintiff to get a second medical opinion; and (8) called Plaintiff to a "mandatory" meeting at Goldwell's office for the termination of Plaintiff's employment. *Plaintiff's Mem. Leave*, at 2-3.

Second, after Plaintiff filed her MCAD charge, Goldwell was not forthcoming about the fact that R.G. Shakour was Plaintiff's joint employer. The Defendant ingenuously argues that it put Plaintiff on notice of the entities' joint-employer status by stating in its position statement that Shakour was an "affiliated company" and that Shakour "reimbursed Goldwell for [Plaintiff's] services to R.G. Shakour." *Defendant's Opp.*, at 2. The Defendant's unedited response that Shakour "reimbursed Goldwell for services to R.G. Shakour" implied that the

2

companies had an arms-length relationship with one another. *Id.* Goldwell's need

to "edit" its original statement to make its argument, by adding "[Plaintiff's],"

belies any intention on Goldwell's part, at the MCAD, to provide Plaintiff with

notice that R.G. Shakour paid one-half of Plaintiff's salary, let alone that R.G.

Shakour was Plaintiff's joint-employer. *Defendant's Opp.*, at 2.

Further, the term "affiliated company" revealed absolutely no information

about the day-to-day operational relationship between Goldwell and R.G. Shakour,

and, in no way, contradicted the *indicia* of separateness on file with the Secretary

of State. That information indicated that Goldwell and R.G. Shakour (1) were

located about eighteen miles apart in different communities; (2) had been

incorporated in 1982 and 1929, respectively; and (3) had different officers.

*Certificates of Incorporation, Exhibit 1.* In its answers to interrogatories in this

Court action, Goldwell stated, "though entirely separate corporate entities,

Goldwell and Shakour have some common clients and refer business to one

another." *Defendant's Mem.*, at 5, No. 3(d). Notably, the Defendant did not state

that Goldwell and R.G. Shakour had common employees, as well as "common

clients." *Id.*

Third, R.G. Shakour's role as Plaintiff's joint-employer only became clear

in the deposition testimony of Renee Shakour, who unlike the Defendant,

provided un-obscured information about the sister relationship between the

companies and their joint control over Plaintiff's employment. *Plaintiff's Mem.*

*Leave, Exhibit 1*, at 16-17, 30, 138; *see Strom v. American Honda Motor Co.*, 423

Mass. 330, 338-339 (1996) (citing cases for the proposition that where two entities operate as one, both companies exercise control over the transaction). Plaintiff filed her motion for leave to amend the complaint to bring in R.G. Shakour as a defendant, on the basis of Renee Shakour's testimony.

Plaintiff's motion for leave to amend her complaint is timely. Not only did Renee Shakour's testimony reveal, for the first time, the factual and operational basis for R.G. Shakour's liability, but the Defendant also has *finally conceded* that R.G. Shakour was Plaintiff's joint employer. Goldwell is, therefore, estopped from arguing that Plaintiff's motion is untimely when Goldwell obscured the truth of a fact that it now admits is true. Under these circumstances, Goldwell's argument is both false and superfluous to the Defendant's first-time concession.

## Conclusion

For the aforestated reasons and the reasons set forth in Plaintiff's memorandum in support of her motion for leave of court, Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint should be granted. Plaintiff requests that justice be done to bring the complaint in compliance with the evidence and with Renee Shakour's and Goldwell's admissions that R.G. Shakour jointly employed Plaintiff. Accordingly, Plaintiff respectfully requests that the Court grant her motion for leave to amend her complaint.

Respectfully submitted,

Jeanne Degan

4

By her Attorneys,

Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

MemoMotReply

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on __4/14/05__.

5

# EXHIBIT 1



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-
1512
Telephone: (617) 727-9640

*R. G. SHAKOUR, INC.* Summary Screen

Help with this form

| Request a Certificate |
| --- |

**The exact name of the Domestic Profit Corporation:** R. G. SHAKOUR, INC.

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 041822960

**Old Federal Employer Identification Number (Old FEIN):**

**Date of Organization in Massachusetts:** Oct 10 1929

**Current Fiscal Month / Day:** 12 / 31          **Previous Fiscal Month / Day:** 01 / 01

**The location of its principal office in Massachusetts:**
No. and Street:     254 TURNPIKE RD.
City or Town:     WESTBORO          State: MA          Zip: 01581          Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:          State:          Zip:          Country:

**The name and address of the Registered Agent:**
Name:     JON R. SHAKOUR
No. and Street:     254 TURNPIKE ROAD
City or Town:     WESTBORO          State: MA          Zip: 01581          Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name <br> First, Middle, Last, Suffix | Address (no PO Box) <br> Address, City or Town, State, Zip Code | Expiration of Term |
| --- | --- | --- | --- |
| PRESIDENT | JON R. SHAKOUR | 12 BAY EDGE DR., WORCESTSER, MA USA 12 BAY EDGE DR., WORCESTSER, MA USA | |
| TREASURER | JON R. SHAKOUR | 12 BAY EDGE DR., WORCESTSER, MA USA 12 BAY EDGE DR., WORCESTSER, MA USA | |

| SECRETARY | VIOLA B. SHAKOUR | 14 BAY EDGE DR., WORCESTSER, MA USA 14 BAY EDGE DR., WORCESTSER, MA USA | |
|---|---|---|---|

**business entity stock is publicly traded:** ___

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter **0** if no Par | Total Authorized by Articles of Organization or Amendments *Num of Shares      Total Par Value* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

___ Consent      ___ Manufacturer      ___ Confidential Data      ___ Does Not Require Annual Report

___ Partnership      ___ Resident Agent      ___ For Profit      ___ Merger Allowed

**Note: There is additional information located in the cardfile that is not available on the system.**

**Select a type of filing from below to view this business entity filings:**
ALL FILINGS
Administrative Dissolution
Annual Report
Application for Reinstatement
Application For Revival

| View Filings | New Search |
|---|---|

| Comments |
|---|
| |

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

*GOLDWELL OF NEW ENGLAND, INC.* Summary Screen

Help with this form

| Request a Certificate |

**The exact name of the Domestic Profit Corporation:** GOLDWELL OF NEW ENGLAND, INC.

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 042769941

**Old Federal Employer Identification Number (Old FEIN):** 000186009

**Date of Organization in Massachusetts:** 09/22/1982

**Current Fiscal Month / Day:** 12 / 31          **Previous Fiscal Month / Day:** 00 / 00

**The location of its principal office in Massachusetts:**
No. and Street: 375 HOPPING BROOK RD.
City or Town: HOLLISTON          State: MA    Zip: 01746    Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:          State:    Zip:    Country:

**The name and address of the Registered Agent:**
Name:
No. and Street:
City or Town:          State:    Zip:    Country:

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | JOHN G. FOUNDAS | 12 SHERBOURNE CIRCLE, ASHLAND, MA USA<br>12 SHERBOURNE CIRCLE, ASHLAND, MA USA | |
| TREASURER | JOHN G. FOUNDAS | 12 SHERBOURNE CIRCLE, ASHLAND, MA USA<br>12 SHERBOURNE CIRCLE, ASHLAND, MA USA | |

| SECRETARY | MIKE ANGELINI | 311 MAIN ST., WORCESTER, MA USA 311 MAIN ST., WORCESTER, MA USA | |
|---|---|---|---|

**business entity stock is publicly traded:** ___

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter **0** if no Par | Total Authorized by Articles of Organization or Amendments *Num of Shares    Total Par Value* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

___ Consent  ___ Manufacturer  ___ Confidential Data  ___ Does Not Require Annual Report

___ Partnership  ___ Resident Agent  ___ For Profit  ___ Merger Allowed

**Note: There is additional information located in the cardfile that is not available on the system.**

**Select a type of filing from below to view this business entity filings:**
ALL FILINGS
Administrative Dissolution
Annual Report
Application for Reinstatement
Application For Revival

| View Filings | New Search |
|---|---|

**Comments**

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help