UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE DEGAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOLDWELL OF NEW<br>ENGLAND, INC. AND<br>R.G. SHAKOUR, INC.<br><br>　　　　Defendants. | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

### DEFENDANTS' FIRST AMENDED ANSWER AND DEFENSES

Defendants Goldwell of New England, Inc. ("Goldwell") and R.G. Shakour, Inc. ("R.G. Shakour") (Goldwell and R.G. Shakour shall collectively be referred to herein as "Defendants") answer Plaintiff's Amended Complaint as follows:

The allegations set forth in the first and fourth sentences of the introductory paragraph (on page 1 of the Complaint) constitute a statement of law and require no response. To the extent those allegations require a response, Defendants deny that they have violated any laws or committed any wrongful acts. Defendants deny the allegations contained in the second sentence of the introductory paragraph of the Amended Complaint except Defendants admit that Plaintiff was jointly-employed by Defendants, incurred a work-related injury at some time during her employment and requested FMLA leave. Defendants admit that they terminated Plaintiff's employment.

　　　　1.　　Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 and, therefore, deny

same. Goldwell admits that it employed Plaintiff from on or about August 31, 1998 to December 27, 2001, and that Goldwell and Shakour jointly employed Plaintiff from April 2000 to December 27, 2001. Defendants deny the remaining allegations contained in the second sentence of paragraph 1 of the Amended Complaint.

2. Goldwell admits the allegations contained in the first sentence of paragraph 2 of the Amended Complaint. Defendants admit that beginning in April 2000, they shared the expense of Plaintiff's salary, Goldwell paid Plaintiff and R.G. Shakour, Inc. reimbursed Goldwell for R.G. Shakour's portion of Plaintiff's salary, Defendants co-supervised Plaintiff's work, and the two entities functioned as Plaintiff's joint employers. Defendants deny the remaining allegations in the second, third and fourth sentences of paragraph 2 of the amended Complaint.

3. Defendant admits the allegations contained in the first sentence of paragraph 3 of the Amended Complaint. Defendant admits that beginning April 2000 both R.G. Shakour and Goldwell supervised Plaintiff's work, and the two entities functioned as Plaintiff's joint employers. Defendant denies the remaining allegations in the second and third sentence of paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations contained in the first and third sentences of paragraph 4 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 of the Complaint and, therefore, deny same.

5. Defendants admit the allegations contained in the first, second, third, fourth and sixth sentences of paragraph 5 of the Amended Complaint. Defendants admit that, beginning in or about April 2000, Goldwell permitted Plaintiff to regularly work at her home on Fridays to

perform some of her duties, including her paperwork, but denies that Goldwell had agreed to such schedule at the time of Plaintiff's hire. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and eighth sentences of paragraph 5 of the Amended Complaint and, therefore, deny same.

6. Defendants admit the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendants admit that beginning in April 2000 and continuing through the end of Plaintiff's employment, Plaintiff was given the additional responsibility of managing both regions and that she became jointly employed by Goldwell and R.G. Shakour, but denies that such change constituted a "promotion." Defendants admit that, beginning in or about April 2000, Defendants permitted Plaintiff to regularly work at her home on Fridays to perform some of her duties, but denies that Defendants had agreed to such working arrangement prior to that time. Defendants deny the remaining allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants admit that Goldwell and R.G. Shakour functioned as "sister" corporations at various times. Defendants admit the remaining allegations contained in paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and, therefore, deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and, therefore, deny same.

12. Defendants admit that Plaintiff contacted Ms. Garneau to inquire about the Friday meeting and informed Ms. Garneau that she had an appointment scheduled that Friday; that Plaintiff informed Ms. Garneau she had medical restrictions; and that Ms. Garneau asked Plaintiff about those restrictions. Defendants deny the remaining allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants admit that, at the meeting between Plaintiff and Goldwell managers Holladay, Garneau and Foundas on Friday October 5, 2001, Plaintiff was told that the managers had become aware of Plaintiff's medical condition for the first time on the previous Wednesday and that she would be required to provide Goldwell with supporting medical documentation. Defendants deny that Plaintiff was sent home and avers that Plaintiff was permitted to leave work early that day so that she could receive therapy. Defendants deny the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Amended Complaint except they admit that Plaintiff provided Goldwell with medical documentation regarding her medical condition and treatment, which documentation speaks for itself.

17. Defendants deny the allegations contained in paragraph 17 of the Amended Complaint except they admit that Ms. Garneau informed Ms. Shakour about some medical documentation related to Plaintiff.

18. Defendants deny the allegations contained in paragraph 18 of the Amended Complaint except they admit that a meeting between Plaintiff, Ms. Holladay, Ms. Shakour, Ms. Garneau and Laurie Viapiano was held in Goldwell's Holliston office on or about October 22, 2001, at which meeting Plaintiff was informed that she would be required to work in the Holliston office two Fridays per month (i.e., every other Friday) and to work out in the field on the other Fridays.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and, therefore, deny same.

21. Defendants deny the allegations contained in paragraph 21 of the Amended Complaint except they admit that Goldwell received Plaintiff's request for "reduced schedule" FMLA leave on or about November 26, 2001, and it received her physician's FMLA certification in early December 2001.

22. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants admits that Plaintiff was requested to and did attend a meeting at Goldwell's facility in Holliston on December 27, 2001 and that such meeting took place prior to Plaintiff's appointment to obtain a second medical opinion. Defendants admit the allegations contained in the second sentence of paragraph 24 of the Amended Complaint except are without sufficient knowledge or information to form a belief as to whether Holladay told Plaintiff that she wanted to "pick" Plaintiff's "brain" and, therefore, deny same.

25. Defendants admit the allegations contained in the first and second sentences of paragraph 25 of the Amended Complaint except deny that Plaintiff was told that her "performance had nothing to do with her termination." Defendants deny the remaining allegations of paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendants admit that Plaintiff filed a Complaint with the MCAD against Goldwell but deny that R.G. Shakour was a party to that MCAD action.

## COUNT I

28. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 27 as if fully stated herein.

29. Defendants admit that Plaintiff received workers' compensation benefits regarding her June 1999 car accident. Defendants deny the remaining allegations contained in paragraph 29 of the Amended Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and, therefore, deny same.

31. Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants admit that, in or about October 2001, Plaintiff requested that she be permitted to work in the field from Monday through Thursday and work from her home on Fridays so that she could perform administrative tasks and obtain therapy on Fridays. Defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

**COUNT II**

36. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 35 as if fully stated herein.

37. Defendants deny the allegations contained in the first sentence of paragraph 37 of the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Amended Complaint and, therefore, deny same.

38. Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

## COUNT III

43. Defendants repeat and incorporate by reference their responses to paragraphs 1 through 42 as if fully stated herein.

44. Defendants admit the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint except they admit that Goldwell received Plaintiff's request for "reduced schedule" FMLA leave on or about November 26, 2001, and it received her physician's FMLA certification in early December 2001.

48. Defendants admit the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

## **SEPARATE DEFENSES**

### FIRST DEFENSE

Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any action or non-action by Defendants with respect to Plaintiff was for good cause.

### THIRD DEFENSE

All alleged actions by Defendants with respect to Plaintiff were based upon legitimate, nondiscriminatory and non-retaliatory business reasons, and no unlawful factor motivated Defendants in their decision-making regarding Plaintiff's employment.

### FOURTH DEFENSE

Any action or non-action taken by Defendants with respect to Plaintiff was based on a reason or reasons other than Plaintiff's alleged handicap.

## FIFTH DEFENSE

To the extent Defendants had any duty or obligations to Plaintiff, Defendants have performed and satisfied such duty and obligations.

## SIXTH DEFENSE

Plaintiff was an employee-at-will whose employment was terminable without cause and without notice.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE

Any injury suffered by Plaintiff was caused solely by her own conduct.

## TENTH DEFENSE

Plaintiff was not an eligible employee as that term is defined in the FMLA.

## ELEVENTH DEFENSE

To the extent an FMLA obligation attached, said obligation was satisfied by Defendants in providing Plaintiff with the amount of leave required under the FMLA.

## TWELFTH DEFENSE

Defendants acted in good faith and with reasonable grounds to believe that their actions with respect to Plaintiff did not violate the FMLA or any other law.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## FOURTEENTH DEFENSE

Plaintiff has not alleged or established sufficient facts to permit or entitle Plaintiff to recover punitive or exemplary damages.

## FIFTEENTH DEFENSE

Plaintiff's claims against Shakour are barred, in whole or in part, for failure to satisfy statutory prerequisites.

WHEREFORE, Defendants Goldwell of New England, Inc. and R.G. Shakour, Inc. pray that Plaintiff's Amended Complaint be dismissed in its entirety, at Plaintiff's costs, with an award to Defendants of their attorneys' fees incurred in the defense of this matter, and for such other and further relief as this Court deems just and proper.

GOLDWELL OF NEW ENGLAND, INC. and
R.G. SHAKOUR, INC.

By its attorneys,

_____
Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: May 19, 2005