1  all that because I was part of the conversation and
2  the decision making to bring Ms. Hogan in. If she
3  had challenge in writing or systems, we have people
4  in the office to help to do the paperwork. It was
5  so we could be on time with the manufacturer and get
6  the money.
7       In answer to that, I think I was aware of
8  that from Mary first and then from the manufacturer
9  after. Because I would ask Mary, "Where's our
10 money? The manufacturer says they are not getting
11 the paperwork correctly from the director of
12 education."
13      MR. SIGEL: That's all I have.
14      MR. POWERS: Nothing further.
15           (Whereupon the deposition
16           was concluded at 1:09 p.m.)

DORIS O. WONG ASSOCIATES, INC.
(617) 426-2432 ~ Fax (617) 482-7813

# EXHIBIT 4




# ARTEC SYSTEMS GROUP, INC.

FEDERAL EXPRESS

August 31, 2001

Cheryl Holiday
Essential Salon Products
575 Hopping Brook Road
Holliston, MA 01746

      Re: Jeanie Hogan

Dear Cheryl,

Enclosed please find a copy of my memo dated June 4, 2001, sent to Jeanie Hogan requesting missing paperwork. Also enclosed, is a copy of the requested documents submitted by Jeanie i.e., detailing reports, salon evaluations and team member evaluations along with a copy of the documents she originally submitted. As you can see, Jeanie falsified these documents by changing the dates.

We view these actions as an unacceptable and intolerable way of conducting business with our Brand Managers. Cheryl, I have sent the same letter to Renee Shakour so that we can immediately make a joint decision on how to resolve this matter. Please call me to schedule a conference call with you, Renee, Andrew and myself.

Thank you in advance for your cooperation.

Sincerely,

David Bakey
Director of Education

/db

enclosures

cc: Andrew Bartfield and Brooke Carlson

ARTEC SYSTEMS GROUP, INC. 99 SEAVIEW BOULEVARD, PORT WASHINGTON, N.Y. 11050-4632 (516) 625-6662 FAX: (516) 625-1008

# EXHIBIT 5

```
                    COMMONWEALTH OF MASSACHUSETTS
                     UNITED STATES DISTRICT COURT

   JEANNE DEGEN                        )
                                       )
         VS.                           )   C.A. 04CV11024
                                       )
   GOLDWELL OF NEW ENGLAND, INC.       )   [ ORIGINAL ]

         DEPOSITION OF JEANNE DEGEN, taken at the
   request of the Defendant pursuant to Rule 30
   of the Massachusetts Rules of Civil Procedure
   before Karen R. Weldon, a Notary Public and
   Registered Merit Reporter in and for the
   Commonwealth of Massachusetts, on October 13,
   2004, commencing at 10:30 A.M. at the offices of
   Bowditch & Dewey, One International Place,
   Boston, Massachusetts.


   A P P E A R A N C E S:
   FOR THE PLAINTIFF:
   RODGERS, POWERS & SCHWARTZ, LLP
   18 Tremont Street
   Boston, Massachusetts   02108
        BY: LINDA EVANS, ATTY.
   FOR THE DEFENDANT:
   BOWDITCH & DEWEY
   311 Main Street
   Worcester, Massachusetts   01608
        BY: JONATHAN R. SIGEL, ESQ.
   Also Present:  Mary Garneau
   _____
                 BAY STATE REPORTING AGENCY
             76 MILL STREET (At Park Avenue)
            WORCESTER, MASSACHUSETTS   01603
                      (508) 753-4121
```

```
 1    didn't you mean 16 hours per month or four hours
 2    per week?
 3         A.    Correct.
 4         Q.    And by 16 hours per month or four
 5    hours per week, you meant one day a week where
 6    you would be driving two hours to Holliston from
 7    your house and two hours back from Holliston,
 8    correct?
 9         A.    Correct.
10         Q.    From your, by the way, from your
11    home to the Northeast Pain Consultants, that was
12    approximately 40 minutes of round trip driving?
13         A.    10 minutes to and 10 minutes to.
14    About 20 minutes.
15         Q.    And where is that located?
16         A.    Rochester.
17         Q.    Okay.  So it's approximately 20
18    minutes round trip from your home in where?
19         A.    Barrington.  I'm one city over.  One
20    town over.
21         Q.    And you lived in Barrington at the
22    time, right?
23         A.    Yes.
24         Q.    And you live in Barrington now
```

```
 1          Q.      Well, let's, before we get to any of
 2   that --
 3          A.      Okay. (Witness reading document.)
 4          Q.      You have now read what's been marked
 5   as Exhibit 7, correct?
 6          A.      Correct.
 7          Q.      And this is, for the record, again,
 8   the complaint that was filed by your attorney in
 9   Middlesex Superior Court in this matter, right?
10          A.      Correct.
11          Q.      And so my next question is: Are the
12   facts as alleged in this complaint accurate?
13          A.      To the best of my knowledge, yes.
14          Q.      Is there anything about the
15   substance stated in this complaint that you
16   would change?
17          A.      Yes. On page 3, no. 8.
18          MR. SIGEL: Linda, could I see your
19   copy actually?
20          A.      Just a small change.
21          Q.      Okay.
22          A.      It was 2002 that I was in holiday
23   and got in my second car accident, not 2000.
24          Q.      So it should be December 2002?
```

# EXHIBIT 6

Case 1:04-cv-11024-RWZ    Document 23-5    Filed 07/08/2005    Page 8 of 20

Degen
EXHIBIT NO. 10
7/31/03
KAREN R. WELDON, RMR

PO Box 1838
60 Rochester Hill Road Unit 8
ASTEGHIK HACOBIAN, MD
DEA #BH 4514027

TO WHOM IT MAY CONCERN
Rochester, NH 03868-1838
Rochester, NH 03867
Telephone: (603) 335-5600
Fax: (603) 885-5400

JAMES CUBEDDU, PA-C, MHP
DEA #MC 0XX8299

JAN SLEZAK, MD
DEA BS 1210899

MANUEL SANCHEZ, MD
DEA #BS 1862211

**NORTHEAST PAIN CONSULTANTS**

Name: Jeanne Hogan      Date: 10-9-01
Address: _____

Rx: Patient has been seen and evaluated/treated at our pain center since 1-5-01. She is capable of resuming her regular schedule, but to take her out of her Friday therapy and add 16 hours/month of driving would not be advisable at this time.

☐ Generic OK
☐ Label

Refill - 0 - 1 - 2 - 3 - 4 - PRN

_____ M.D.
Jan Slezak

---

Please—
Send copies to: (All 3 pages)
CC: Sheryl Holladay
    John Foundas         518-929-0099
    Mary Garneau

I've copied Reveel Shakaw

# EXHIBIT 7

# Northeast Pain Consultants
*A Comprehensive Pain Treatment Center*

**New Hampshire**
Rochester
Exeter
Gilford
Laconia

**Massachusetts**
Boston

October 17, 2001

EXHIBIT NO. 11
Deger
7/31/03
KAREN R. WELDON, RMR

To Mary Garneau
cc Sheryl Holladay
cc John Founder

To Whom It May Concern:

Jeanne Hogan has been a client at the Northeast Pain Clinic since January 5, 2001. She is still currently receiving weekly therapy approximately 30 minutes per session. I have made an exception for Jeanne to do her Fridays due to her schedule of being off the road and in her home office (I normally do not do acupuncture on Fridays).

There are no restrictions for Jeanne and she is fully functional. Jeanne would like to comply with her company's wishes concerning her work schedule on Fridays. However, to take her away from her weekly therapy and add another day of driving (approximately per day 4 hours) to her schedule would not be advisable at this time.

Although Jeanne has no restrictions and is fully functional, long periods of driving at a time aggravates her condition causing her neck and her back to be stiff and very uncomfortable. I would advise only in necessary situations should Jeanne add a 5th day a week of driving instead of 4 days a week to her schedule.

Three consecutive days off the road seem to give her the time needed to recuperate which is necessary at this time.

Sincerely,

Jan Slezak, MD

Rochester Professional Park • 60 Rochester Hill Road, Unit 6 • Rochester, NH 03867
P. O. Box 1838 • Rochester, NH 03866-1838
Phone (603) 335-5600 • Fax (603) 335-5400 • Email: NPC@northeastpain.com

# EXHIBIT 8

# GOLDWELL OF NEW ENGLAND, INC.

## EMPLOYEE REQUEST FOR FAMILY OR MEDICAL LEAVE

*Note:* *Please submit this form to Human Resources Department at least 30 days before Family and Medical Leave ("FMLA") will commence, unless the leave is unforseeable.*

From: _Jeanne Deger Hogan_

Date: _11-26-01_

I request FMLA leave for the following reason:

[ ] The birth of my child and in order to care for that child
    Expected date of birth: ___/___/___

[ ] The placement of a child with me for adoption or foster care
    Expected date of placement: ___/___/___

[ ] The need to care for my child, spouse or parent who has a serious health condition

[ ] My own serious health condition that renders me unable to perform my job

Expected duration of leave: From ___/_NA_/___ through ___/___/___

Are these dates firm? _____ or subject to change? _____

If subject to change, please explain: — Reduced Schedule —
4 day week
_will not be long Fourb but_  (Due to car accident
_reduce schedule_          while working "99")

Type of FMLA Leave schedule requested:

[ ] Full Time

[X] Intermittent or reduced FMLA Leave (allowed only if medically necessary).

**NOTE: YOU WILL RECEIVE A WRITTEN RESPONSE TO THIS REQUEST.**

{J:\clients\emp\g1780\0100\00100291.DOC;1}

# EXHIBIT 9

Appendix: B to Part 825 – Certification of Health Care Provider (Optional Form WH-380)

| Certification of Health Care Provider (Family and Medical Leave Act of 1993) | U.S. Department of Labor Employment Standards Administration Wage and Hour Division |
|---|---|

**1. Employee's Name**

Jeanne Degen-Hogan

**2. Patient's Name (If different from employee)**

**3.** The attached sheet describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition¹ qualify under any of the categories described? If so, please check the applicable category.

(1) ___  (2) ___  (3) ___  (4) ✓  (5) ___  (6) ___ , or   None of the above ___

**4.** Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

- degenerative cervical disc disease — as documented by MRI
- Clinical findings including decreased range of motion, presence of taut bands in cervical muscles, and positive neurological findings (see notes)

**5.a.** State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity² if different):

since 6-15-1999 — (cause: car accident) Neck and down back injury

**b.** Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in item 6 below)?

4 day work week

If yes, give the probable duration:

indefinitely

**c.** If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated² and the likely duration and frequency of episodes of incapacity²:

as above

**6.a.** If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments:

undetermined — requiring treatment on weekly to biweekly basis.

If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

**b.** If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

Acupuncture, massage therapy, psychotherapy, neurological evaluation and treatment as needed.

---

1. Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

2. "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

c. If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

Same as 6 b

7.a. If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind? _____

b. If able to perform some work, is the employee **unable to perform any one or more of the essential functions** of the employee's job (the employee or the employer should supply you with information about the essential job functions)? _____ If yes, please list the essential functions the employee is unable to perform:

Limit driving to 4 days / week

c. If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment? _____

8.a. If leave is required to **care for a family member** of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation? _____

N/A

b. If no, would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery? _____

c. If the patient will need care only **intermittently** or on a **part-time basis**, please indicate the probable duration of this need:

_____          Pain management practice
(Signature of Health Care Provider)          (Type of Practice)

68 Rochester Hill Rd
Rochester, NH 03867            603-335-5600
(Address)                      (Telephone number)

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____          11-30-01
(Employee Signature)                  (Date)

# EXHIBIT 10

*Essential Salon Products, Inc.*

Distributor of...
Goldwell ~ ARTec
Therapro ~ Bio Ionic ~ Dermanew
VIA ~ BaByliss ~ Jilbere ~ Forfex ~ Riva

**GOLDWELL**
Professional Haircare



Deger
EXHIBIT NO. 4
7/31/03
KAREN R. WELDON, RMR

December 6, 2001

Jeanne Hogan
27 Mallego Rd
Barrington, NH 03825

Dear Ms. Hogan:

We are in receipt of your certification of Health Care Provider form.

Pursuant to the FMLA we would like you to obtain a second opinion. We are requesting you to book an appointment with Dr. Alan Solomon, 36 W. Central St. Franklin, Ma. (508)528-4200. He should complete the Health Care Provider form.

Pending our receipt of the Health Care Provider form enclosed herein, you are provisionally entitled to take the requested FMLA intermittent leave.

You are required to return this form within 30 calendar days of this notification. Failure to provide the certification in a timely manner will result in a denial of FMLA leave.

Please notify this office if you elect to use the FMLA leave option at this time.

Very truly yours,

Mary M. Garneau
Controller

Jeanne Dg Hogan
12-7-01

375 H____ R___ R___ H_____ MA 01746 ____

# EXHIBIT 11

Jeanne Hogan
Written Warning

Reger
EXHIBIT NO. 5
7/31/03
KAREN R. WELDON, RMR

We have been speaking with you recently in regards to the problem with the paperwork that you are required to complete. It has been turned in incomplete and inconclusive. Work performance of this quality is not acceptable and we must immediately see improvement. Effective immediately, all paperwork must be completely filled out legibly and submitted in a timely manner to Mary Garneau.

As you are also aware, there is another issue that we have been having with you and your job duties. In accordance with recent conversations you have had with Goldwell and Renee Shakour, you have stated that Fridays are your "office" day, however you have not been spending it in the office, you have been working out of your home. It has not proven to be the best use of your time due to the fact that the paperwork you are doing on Fridays has not been done accurately. You have stated, in writing, the other duties that you perform on Fridays and these duties can easily be done out of the Goldwell office.

As much as we understand the convenience of working out of your home for a day, we feel it is more beneficial for both parties to see you in the office. Effective immediately, you are to spend two Fridays a month in the Goldwell office. The Fridays are to coincide with the due date of paperwork to ARTec and to be pre-scheduled. All other Fridays you are to be out in the field detailing with the Sales Consultants.

Improvement in all of the above noted areas must occur immediately and must be maintained. If any additional problems occur, disciplinary action may include separation from the company without the issuance of another written warning.

Your signature acknowledges this discussion. It does not indicate agreement or disagreement with this plan.

_____   Date  10-22-01
Jeanne Hogan

_____   Date _____
Renee Shakour

_____   Date _____
Jon Shakour

_____   Date _____
John Foundas

_____   Date  10-22-01
Sheryl Holladay