UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEANNE DEGAN,<br><br>    Plaintiff,<br><br>v.<br><br>GOLDWELL OF NEW ENGLAND, INC. and R.G. SHAKOUR, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

### INTRODUCTION

Defendants Goldwell of New England, Inc. ("Goldwell") and R.G. Shakour, Inc. ("Shakour") (collectively herein "Defendants") respectfully move that Plaintiff's Rule 56.1 Statement of Material Facts Creating Genuine Issues Requiring Trial ("Plaintiff's Statement") be stricken, in whole or in part, pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts ("*LR* 56.1"). As grounds for their request, Defendants state that Plaintiff's Statement wholly fails to comply with the requirements of *LR* 56.1 in that it: (1) is not "concise" and includes substantial matter that is either not material or not disputed; (2) fails to respond directly to the statements contained in Defendants' Statement of Undisputed Facts; and (3) contains impermissible argument, conclusions and hearsay.

### ARGUMENT

Local Rule 56.1 provides the following:

… Opposition to motions for summary judgment shall include a *concise* statement of the *material facts* of record *as to which it is contended that there exists a genuine*

*issue* to be tried, with page references to affidavits, depositions and other documentation. ... Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

*LR* 56.1 (emphasis added). In accordance with this Rule, the non-moving party has the obligation to present this Court with a statement of *genuinely disputed material facts* that conforms to the Rule's requirements. Plaintiff's Statement is <u>77 pages long</u> and utterly fails to meet this requirement, with the result that Plaintiff obfuscates rather than clarifies the issues for summary judgment. Plaintiff has disregarded the requirements of Rule 56.1, and her Statement should be stricken.

I.  **PLAINTIFF'S STATEMENT DOES NOT MEET THE REQUIREMENTS OF LOCAL RULE 56.1 AND SHOULD BE STRICKEN IN ITS ENTIRETY.**

   A.  <u>Plaintiff's 77-Page Statement Is Not "Concise" And Includes Substantial Matter That Is Not Material.</u>

In accordance with Rule 56.1, Plaintiff was required to submit a "concise" statement of the material facts which she alleges to be genuinely in dispute. Contrary to this mandate, Plaintiff submitted a <u>77-page document</u> that is replete with statements of fact that, whether disputed or undisputed, are not material.[1] Like the statements that were stricken by the District Court in <u>Rand v. M/A-Com, Inc.</u>, Plaintiff's statement cannot reasonably be described as "concise" and should be stricken from the summary judgment record. See 824 F.Supp. 242, 266 (D.Mass. 1992)("Although this court realizes and appreciates the efforts undertaken to compile this document, it goes without explanation that these [128 and 317 page] documents are not concise. ... The documents also contain numerous statements of facts which are not material").

---

[1] Defendants here provide one example (of many) demonstrating that Plaintiff's Statement includes many facts that are not material. Plaintiff acknowledges in her Memorandum of Law that "Degen's performance is not at issue in this case." *Plaintiff's Memorandum* at 4. Nevertheless, Plaintiff's Statement includes *numerous paragraphs* that discuss (at length) her "great performance" and alleged suggestions by others that she was a good performer.

The addition of Plaintiff's Statement, in its entirety, to the summary judgment record is likely to prejudice Defendants as it significantly clouds the crucial issues. Indeed, the risk of confusion and prejudice was clearly articulated by the First Circuit in Roslindale Coop. Bank v. Greenwald; faced with a summary judgment motion laden with irrelevant and indecipherable allegations and conclusions, the Court stated the following:

> With so much space and attention given to such matters, even a court with unlimited time and patience would run a serious risk of being distracted from a party's good points, if any there were.

See 638 F.2d 258, 260 (1st Cir. 1981); see also Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(noting that parties who ignore summary judgment rules regarding statements and counterstatements do so "at their peril"); Dale v. H.B. Smith Co., Inc., 910 F.Supp. 14, 21 (D. Mass. 1995)(noting that "[t]he complex nature of [the] case ... mandates adherence to [Local Rule 56.1]" and recognizing that failure to so adhere may result in "both confusion for the court and possible prejudice to the opposing party"); Broderick v. Roache, 751 F.Supp. 290, 295 (D.Mass. 1990)(mandating that "... in the light of the complexity of law and longstanding animosities apparent in the facts of this case, strict compliance with the requirements of Local Rule 56.1 ... will be expected from both parties"). In light of the policy considerations underlying *LR* 56.1, justice requires that Plaintiff's entire non-conforming statement should be stricken.

    **B.**    **Section One (i.e., pages 1-40) Of Plaintiff's Statement Should Be Stricken In Its Entirety Because Plaintiff Does Not Even Allege That Section One Constitutes Facts That Are In Dispute.**

Plaintiff identifies pages 1-40 of her Statement (herein "Section One") as a "Statement of Facts." See *Plaintiff's Statement* at 1 ("[t]he Statement of Facts sets forth Plaintiff's Statements of Facts, under the designation 1.0"). Plaintiff does not allege that those "facts" are disputed; in fact, interspersed with some disputed issues of fact, Section One includes numerous facts which, for the purposes of summary judgment, are wholly undisputed. Plaintiff cannot cite any rule allowing for a

miscellaneous counterstatement of both disputed and undisputed facts. Neither this Court nor Defendants should be required to parse through these 40 pages to attempt to discern those facts that are alleged to be disputed and those facts that are not. Accordingly, the Court should strike Section One of Plaintiff's Statement.

      C.      **Section Two (i.e., pages 40-77) Of Plaintiff's Statement Should Be Stricken In Its Entirety Because It Does Not Admit Or Deny The Undisputed Statements Of Fact Set Forth By Defendants.**

Plaintiff identifies pages 40-77 of her Statement (herein "Section Two") as "Statements of the Defendants in Dispute." See *Plaintiff's Statement* at 1. Accordingly, Plaintiff suggests that (as contemplated by the rule) she has responded to (i.e., admitted or denied) the statements set forth by Defendants. Contrary to this suggestion, however, Plaintiff has not actually responded to the statements as written by Defendants and has not identified for the Court those statements that are *genuinely* in dispute.

In an effort to comply with the requirements of Local Rule 56.1, Defendants took care to submit a Statement of Undisputed Facts that was concise and that included only those material facts as to which Defendants believed there was no genuine dispute. Defendants' Statement included 47 paragraphs (9 pages), consisting of short and plain statements with record citations and without characterization, suggestion or "spin." Nevertheless, rather than responding to the short and plain statements actually set forth by Defendants, Plaintiff has (instead) responded to convoluted and suggestive "facts" of her own creation; specifically, rather than admitting any statements set forth by Defendants, Plaintiff *added* facts, "implications" and "connotations" to those statements and then denied them (in whole or in part).[2] See *Plaintiff's Statement* ¶¶ 2.3, 2.5, 2.6, 2.7, 2.8, 2.9, 2.17, 2.23, 2.34, 2.36 and 2.37. In most remaining paragraphs wherein Plaintiff claims to dispute Defendants'

---

[2] In response to at least 11 of Defendants' concise statements of fact, Plaintiff expressly began her denials with the phrase "[t]o the extent that the defendants imply" or some similar phrase.

statement, Plaintiff either: (1) provides lengthy statements of seemingly irrelevant facts from which it is difficult to discern why/how Plaintiff disputes Defendants' statement; or (2) disingenuously quibbles with Defendants' straightforward phraseology.[3] This tactic by Plaintiff violates both the letter and the spirit of Rule 56.1. See Dimmitt v. Ockenfels, 407 F.3d 21, 23-25 (1st Cir. 2005) (affirmed striking of counterstatement that failed to respond to each paragraph of the moving party's statement as required by Local Rules of the United States District Court for the District of Maine).

II.   IN THE ALTERNATIVE, PLAINTIFF'S STATEMENT SHOULD BE STRICKEN IN PART.

A.   **Plaintiff's Statement Contains Impermissible Argument and Conclusion.**

LR 56.1 requires that the Plaintiff submit a statement of material *facts* as to which the parties are in dispute. Here, the Plaintiff has presented numerous "statements" which are not facts at all – but are, rather, arguments and conclusions that are properly reserved for Plaintiff's memorandum of law.[4] See Dale, 910 F.Supp. at 21.

In total (including Plaintiff's Statement, Memorandum and Affidavit), Plaintiff's opposition papers constitute more than 125 pages of legal and factual argument. Defendants respectfully submit that, whether intentionally or not, Plaintiff has effectively circumvented the Court's rules regarding page limitations by choosing to include the bulk of her argument in documents other than her Memorandum.

Because they constitute argument and conclusion, the following paragraphs of Plaintiff's Statement should be stricken, in whole or in part: 1.24, 1.31, 1.32, 1.38, 1.48, 1.49, 1.58, 1.61, 1.62,

---

[3]   For example, Plaintiff denies paragraph 39 of Defendants' Statement "in part." Though it is difficult to discern which portion of this brief paragraph Plaintiff admits and which she denies, it is clear that Plaintiff quibbles with Defendants' use of the word "allowed" and, instead, prefers the word "abided." (*Plaintiff's Statement* ¶ 2.29.) Such quibbling does not constitute a *genuine* dispute of fact.

[4]   As one particularly egregious example of impermissible argument and conclusion, paragraph 2.25 of Plaintiff's Statement includes the following: "All the defendants had to do to continue to receive a full-time plus work week from Degen was to allow her to work Fridays in her home office...." Clearly, this is not a "factual" assertion appropriate for a Rule 56.1 statement.

1.63, 1.70, 1.73, 2.2, 2.3, 2.7, 2.8, 2.9, 2.11, 2.14, 2.15, 2.17, 2.21, 2.23, 2.24, 2.25, 2.27, 2.28, 2.30, 2.31, 2.32, 2.33 and 2.36.

### B. Plaintiff's Statement Contains Impermissible Hearsay.

It is settled law that "[h]earsay evidence which would be inadmissible at trial cannot be considered on a motion for summary judgment." Bolen v. Paragon Plastics, Inc., 754 F.Supp. 221, 224 (D.Mass. 1990); see also Roe, 412 Mass. at 44-45 n. 4; Madsen v. Erwin, 395 Mass. 715, 721 (1985). Plaintiff's Statement makes numerous assertions which constitute hearsay and/or totem-pole hearsay; that is, the Statement recounts out-of-court statements which are presented for the truth of the matters asserted therein. (Many paragraphs also contain statements, with citation to deposition testimony, that are not of the deponent's personal knowledge.)[5] Because they include inadmissible hearsay, totem-pole hearsay and/or information not of the deponent's personal knowledge, the following paragraphs of Plaintiff's Statement should be stricken, in whole or in part: 1.19, 1.22, 1.61, 1.67, 1.68, 1.70, 1.73, 1.74, 1.75, 1.76, 2.8, 2.30, 2.35 and 2.37.

### C. To The Extent That Plaintiff's Statement Relies On Plaintiff's Affidavit, It Should Be Stricken.

Defendants respectfully request the Court to take notice that a Motion to Strike the Affidavit of Jeanne Degen is currently pending. In the event that the Court strikes this Affidavit (in whole or in part), all portions of the Statement that rely upon or refer to stricken portions of the Affidavit should also be stricken.

---

[5] For example, Plaintiff cites the deposition testimony of Susan Pugh, a non-management former employee of Goldwell and Shakour to establish what R.G. Shakour "meant" when it placed a particular newspaper advertisement. *Plaintiff's Statement* ¶ 1.70. Ms. Pugh was not a management employee and had nothing whatsoever to do with any job advertisement – she is *not competent* to testify regarding R.G. Shakour's intent upon placing the advertisement.

III. **AFTER THE COURT STRIKES ALL OR PART OF PLAINTIFF'S STATEMENT, THOSE PORTIONS OF DEFENDANTS' STATEMENT WHICH REMAIN UNADDRESSED SHOULD BE DEEMED ADMITTED.**

Local Rule 56.1 provides that: "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." *LR* 56.1. Accordingly, after the Court strikes any portions of Plaintiff's Statement, all unaddressed portions of Defendants' Statement should be deemed admitted. See Dimmitt, 407 F.3d at 23-25 (affirming summary judgment where District Court struck a non-conforming counterstatement and then deemed unaddressed facts to be true).

## CONCLUSION

For the foregoing reasons, Defendants respectfully move that Plaintiff's Rule 56.1 Statement of Facts be stricken, in whole or in part, pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7

The undersigned assert that they have conferred with counsel for Plaintiff regarding the instant Motion. Counsel have been unable to resolve or limit the issues raised by the Motion.

GOLDWELL OF NEW ENGLAND, INC.
and R.G. SHAKOUR, INC.

By their attorneys,

_____
Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: August 15, 2005