UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE DEGAN, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>GOLDWELL OF NEW ENGLAND, )<br>INC. and R.G. SHAKOUR, INC., )<br>)<br>　　　　Defendants. ) | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFF'S AFFIDAVIT

Defendants Goldwell of New England, Inc. ("Goldwell") and R.G. Shakour, Inc. ("Shakour") (collectively herein "Defendants") respectfully move that the "Affidavit of Jean Degen" ("Plaintiff's Affidavit") be stricken, in whole or in part, pursuant to FED.R.CIV.P. 56(e) on the grounds that it is not made on personal knowledge, does not set forth facts as would be admissible in evidence and contains impermissible argument and conclusory assertions.

### ARGUMENT

Federal Rule of Civil Procedure 56(e) provides the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED.R.CIV.P. 56(e). It is well settled that portions of affidavits deficient in any of these respects are to be stricken from the summary judgment record and are not to be considered in determining the propriety of judgment as a matter of law. See Bolen v. Paragon Plastics, Inc., 754 F.Supp. 221, 224 (D.Mass. 1990)("A party may move to strike any portion of an affidavit that violates Fed.R.Civ.P. 56(e)").

In clear disregard of both the requirements set forth in this rule and the value of this Court's time, Plaintiff has presented the Court with a 20-page single-spaced (62-paragraph) Affidavit in which she impermissibly argues the merits of her case, opines regarding numerous material and nonmaterial issues, and makes numerous statements and allegations not based on her own personal knowledge or on any otherwise admissible evidence. In the interest of justice, this deficient Affidavit should be stricken in whole or in part. See Apex Const. Co., Inc. v. U.S., 719 F.Supp. 1144, 1151 (D.Mass. 1989)(finding an affidavit insufficient to put any fact genuinely into dispute where it did not meet the requirements of FED.R.CIV.P. 56(e)); see also Hlinka v. Bethlehem Steel Corp., 863 F.2d 279, 282-83 (3d Cir. 1988)(affidavit was stricken in its entirety where there was no showing that it was on personal knowledge, that the affiant was competent to testify or that the statements fit within any exceptions to hearsay).

In the interest of judicial economy, and in recognition that many paragraphs of Plaintiff's Affidavit do not present any issues of a *material* nature, Defendants will not argue the specific merits of each and every deficiency here. Rather, Defendants will broadly present three distinct bases upon which the Court should strike the Affidavit either in its entirety or as to individual paragraphs.

  A. **Plaintiff's Affidavit Is Not Based Upon Personal Knowledge.**

It is settled law that an affiant must have personal knowledge of the facts stated in an affidavit. See Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997); Fraser and Wise, P.C. v. Primarily Primates, Inc., 966 F.Supp. 63, 69 (D.Mass. 1996). Indeed, "[a] nonmovant cannot expect [a] court to give weight to averments made without personal knowledge…" Fraser. 966 F.Supp. at 69. Here, Plaintiff makes statements not of her personal knowledge and even purports to have knowledge of the inner workings of the minds of *others*. See, e.g., Plaintiff's Affidavit ¶ 59 ("The intention of John Foundas, Renee Shakour and Mr. Hallgren, at all times, was …"); see also Bolen, 754 F.Supp. at 225 ("Certainly, [the affiant] has no personal knowledge of [another individual's] state

of mind at the time the alleged statement was made"). To the extent the Affidavit makes assertions which are outside of the Plaintiff's personal knowledge, it should be stricken.

For purposes of this Motion, the following paragraphs, or portions thereof, are not made of Plaintiff's own personal knowledge and should be stricken: ¶¶ 14, 59, 60, 61 and 62.

### B. Plaintiff's Affidavit Contains Impermissible Argument and Conclusory Assertions.

It is settled law that affidavits submitted in support of or opposition to a motion for summary judgment "may not contain arguments or conclusory assertions." Murphy v. Ford Motor Co., 170 F.R.D. 82, 85 (D.Mass. 1997); see also Delacroix v. Lublin Graphics, Inc., 993 F.Supp. 74, 80 (D.Conn. 1997). The Court in Delacroix made the following observation, equally applicable to the Plaintiff's Affidavit in this case:

> The affidavits are fraught with conclusory statements, legal arguments, speculation, and the affiant's self-serving interpretation[s].... In one affidavit, for example, the affiant argues that defendant should be precluded from producing certain evidence because it is not contained in the pretrial order; that a review of defendant's answer fails to indicate certain things; that he has certain 'understandings'... and that certain legal conclusions must be drawn based upon those understandings. ... None of these matters are appropriate for an affidavit, which is to contain recitations of fact of which the affiant has personal knowledge and which would be admissible in evidence.

Delacroix, 993 F.Supp. at 80. Here, Plaintiff's Affidavit is ridden with such impermissible argument and conclusion. See, e.g., Plaintiff's Affidavit ¶ 54 ("This schedule was punitive and constituted disparate treatment since, as Ms. Shakour testified ..."). Accordingly, to the extent the Affidavit includes impermissible argument and conclusory assertions, it should be stricken.

For purposes of this Motion, the following paragraphs, or portions thereof, contain impermissible argument and conclusory allegations and should be stricken: ¶¶ 14, 25, 41, 54, 55, 57, 60 and 62.

### C. Plaintiff's Affidavit Does Not State Facts That Would Be Admissible In Evidence.

It is settled law that "[h]earsay evidence which would be inadmissible at trial cannot be

considered on a motion for summary judgment." Bolen, 754 F.Supp. at 224. Indeed, to the extent that any affidavit submitted in conjunction with a Rule 56 motion contains such evidence, it should be stricken from the record and given no consideration for the purposes of deciding the motion.[1] Id. at 225. Here, portions of Plaintiff's Affidavit include hearsay and/or totem-pole hearsay evidence that should not be considered.

For purposes of this Motion, the following paragraphs, or portions thereof, contain inadmissible hearsay and/or totem-pole hearsay and should be stricken: ¶¶ 12, 13, 18, 21, 22, 23, 27, 29, 33, 34, 44, 52, 53, 56, 57, 58, 59, 60 and 61.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move that Plaintiff's Affidavit be stricken, in whole or in part, pursuant to FED.R.CIV.P. 56(e).

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7

The undersigned assert that they have conferred with counsel for Plaintiff regarding the instant Motion. Counsel have been unable to resolve or limit the issues raised by the Motion.

GOLDWELL OF NEW ENGLAND, INC.
and R.G. SHAKOUR, INC.

By their attorneys,

_____
Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: August 15, 2005

---

[1] Where a statement arguably falls within an exception to the hearsay prohibition, it is incumbent upon the affiant to lay the proper foundation, indicating the grounds for applying such exception. See Apex, 719 F.Supp. at 1151. Here, even if such exceptions are available, Plaintiff has not laid a proper foundation.