UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEANNE DEGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOLDWELL OF NEW ENGLAND, )<br>INC. and R.G. SHAKOUR, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04CV11024 RWZ<br><br>Jonathan R. Sigel<br>BBO# 559850 |

### REPLY TO PLAINTIFF'S SUMMARY JUDGMENT OPPOSITION

In an effort to avoid summary judgment, Plaintiff presented the Court with more than 120 pages of opposition, apparently in hope the Court will assume that, buried somewhere in this mass of paper, there must be disputes of material fact.[1] In fact, there are no material facts genuinely in dispute.[2]

**I.    PLAINTIFF HAS NOT RAISED ANY GENUINE DISPUTE OF MATERIAL FACT REGARDING THE UNTIMELINESS OF HER FMLA CLAIMS.**

In response to the argument that her FMLA claims are time-barred, Plaintiff inappropriately cites extensively to an *unreported decision*, Lukacinsky v. Panasonic Service Co., 2005 U.S. Dist. LEXIS 25846 (2004)(unpublished).  The decision cited by Plaintiff should not be considered by the Court because Hillstrom v. Best Western TLC Hotel, 354 F.3d 27 (1st Cir. 2003)(a *reported* opinion), constitutes valid on-point precedent.  See FIRST CIRCUIT FED.R.APP.P. 32.3 (unpublished opinion not to be cited if a published opinion adequately addresses the point).  Defendants request the Court to follow the precedent of Hillstrom and enter judgment against Plaintiff on her time-barred FMLA claims.

---

[1]    Paragraphs 1, 2, 3, 7, 14, 19, 21, 22, 33 and 36 of Defendants' Statement of Undisputed Facts are wholly unaddressed by Plaintiff and must be deemed admitted.  Moreover, Defendants have filed herewith two Motions to Strike (Plaintiff's Rule 56.1 Statement and Affidavit of Jeanne Degen).  However, even if those documents are not stricken, the Court should give them little or no weight in considering the propriety of summary judgment for the reasons stated in Defendants' motions.

[2]    In view of the page limitation imposed by the Court's Order dated April 12, 2005, this Reply addresses only a few issues deemed to have been most confused by Plaintiff's opposition papers.  Defendants rely on their primary Memorandum with respect to most matters at issue.

II. **PLAINTIFF HAS NOT CREATED ANY GENUINE DISPUTE OF MATERIAL FACT REGARDING HER STATUS AS A "HANDICAPPED PERSON."**

A. <u>Driving is Not a Major Life Activity</u>.

As discussed in Defendants' Memorandum, Plaintiff was not substantially limited in her ability to drive, and (in any event) driving is not a "major life activity." Defendants here reiterate that opinions in the First Circuit have consistently held that driving is <u>not</u> a major life activity under the ADA. See <u>Bryant v. Caritas Norwood Hosp.</u>, 345 F.Supp.2d 155, 165-166 (D.Mass. 2004)(nighttime driving); <u>Soler v. Tyco Elec., Inc.</u>, 268 F.Supp.2d 97, 105 (D.P.R. 2003)(driving long distances); <u>Acevedo Lopez v. Police Dept. of Puerto Rico</u>, 81 F.Supp.2d 293, 297 (D.P.R. 1999)(driving); see also <u>Tebo v. Potter</u>, 345 F.Supp.2d 61, 66-67 (D.Mass. 2004)(declining to hold driving a major life activity absent precedent). The Massachusetts Appeals Court implied that driving limitations are not major life activity under Ch.151B. <u>Dube v. Middlesex Corp.</u>, 59 Mass.App.Ct. 734, 736-737 (2003)(driving a particular truck). There is no basis to suggest that this Court should interpret Ch. 151B differently from the ADA.[3] <u>See, e.g.</u>, <u>Sullivan v. Liberty Mutual</u>, 444 Mass. 34, 40 n.11 (2005)(state courts use federal caselaw in construing 151B).

B. <u>Plaintiff Is Not Entitled To The Benefit Of M.G.L. c. 152 § 75B(1)</u>.

Plaintiff would be entitled to the benefit of Chapter 152 § 75B(1) only if she could demonstrate that, during the Fall/Winter of 2001, she was still suffering the effects of her 1999 work-related accident. Collateral estoppel prevents Plaintiff from arguing such effects because, after a full hearing, the Compensation Appeals Board of New Hampshire affirmed a decision that "by August 2001, [Plaintiff] had recovered from her work-related injury and was experiencing symptoms caused by other factors." (<u>Garneau Aff.</u>, Attachment B.) Plaintiff's attempts to avoid collateral estoppel are misguided:

1. Plaintiff denies collateral estoppel because the decision of the Appeals Board was issued on November 15, 2002 (i.e., after Plaintiff's separation). The undisputed date of the decision is not relevant. Although the Workers' Compensation matter was *litigated and decided* after Plaintiff's separation, the litigation and decision *pertained to* the relevant time period.

---

[3] Plaintiff's citation to a decision of the MCAD, <u>Welch v. Trans-Lease Group, Inc.</u>, 26 M.D.L.R. 247, 250 (2004), is misleading. The MCAD did not hold driving to be a major life activity; instead, the MCAD assumed that the complainant was a handicapped person, because the respondent *did not dispute* the alleged limitation major life activities.

2

04-11024-RWZ

2.  Plaintiff disingenuously states that the Board found Plaintiff's post-August 2001 symptoms to be related to the June 1999 aggravation of pre-existing disc disease. Plaintiff's contention has no basis whatever. To the contrary, the *only* reasonable reading of the Appeal Board decision reveals the following chronology: (a) Plaintiff had pre-existing disc disease; (b) Plaintiff's June 1999 accident aggravated the disc disease; (c) by August 2001 Plaintiff was no longer suffering symptoms (i.e., aggravation) related to the June 1999 accident; and (d) Plaintiff suffered new symptoms in summer 2001 attributable to different factors (i.e., not the 1999 accident).

III. **PLAINTIFF HAS NOT RAISED ANY GENUINE ISSUE OF MATERIAL FACT REGARDING WHETHER OR NOT DEFENDANTS, IN FACT, ACCOMMODATED HER AND/OR PROVIDED THE REQUESTED FMLA LEAVE.**

   A.  **Defendants Provided Plaintiff With The Requested Intermittent FMLA Leave.**

Defendants' Memorandum demonstrates that Plaintiff was permitted to take the requested intermittent FMLA Leave. In her opposition, Plaintiff alleges that her use of vacation time proves that she did not know she was approved for FMLA. In support of her nonsensical argument, Plaintiff cites to the Company's FMLA policy. In fact, the cited policy supports **Defendants'** position (not Plaintiff's) because it requires all employees to use their vacation time *as part of FMLA leave*.

   B.  **Defendants Reasonably Accommodated Plaintiff Regarding Her Commute**.

Defendants presented substantial evidence that they initially accommodated Plaintiff by reducing the number of required Holliston Fridays from 4 to 2 per month (with intervening Fridays to be spent "detailing" in the field). *For the first time*, Plaintiff stated in her opposition papers that 2 Fridays "detailing" and 2 Fridays in Holliston actually resulted in *more* driving than 4 Fridays in Holliston. Undisputed facts prove that Plaintiff's newly-conjured theory lacks merit. Plaintiff admits the following: (1) roundtrip to Holliston took 4-5 hours (*Plaintiff's Stmt.* ¶ 2.12); and (2) roundtrip to account executive territories (for "detailing") took 2-6 hours (*Plaintiff's Stmt.* ¶¶ 1.7, 1.41, 2.21). Excepting rare special requests, Plaintiff was in charge of her own "detailing" calendar. (*Second Garneau Aff.* ¶ 3-4.) Plaintiff was free to schedule shorter trips (i.e., less than the 4-5 hour trip to Holliston) on Fridays, and Defendants' accommodation gave Plaintiff the opportunity to do so.[4]

---

[4] Plaintiff's claim that Defendants never told her she was expected to make shorter trips on intervening Fridays is not material. Plaintiff cannot dispute that, with few exceptions, she was in charge of her own detailing calendar. (*Second Garneau Aff.* ¶ 3-4.) Moreover, Plaintiff cannot explain the conflict between her

3

GOLDWELL OF NEW ENGLAND, INC.
and R.G. SHAKOUR, INC.

By their attorneys,

_____
Jonathan R. Sigel, BBO# 559850
Renee E. Hackett, BBO# 640841
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: August 15, 2005

---

current argument and her admitted statement to Mary Garneau that she "was usually driving 1 to 1½ hours one way from one destination to another." (*Plaintiff's Stmt* ¶ 1.30.) If Plaintiff was "usually" driving 1 to 1½ hours in the field (i.e., *less than or the same as* the distance to Holliston), then Plaintiff's suggestion that 2 Fridays in the field resulted in *more* travel than 2 Fridays in Holliston is a non-sequitor. Moreover, Plaintiff's current claim that she "made Friday field trips that Fall that involved more driving time than [her] trips to Holliston on Friday" (*Plaintiff's Stmt*. ¶ 1.42) is contradicted by her own testimony that her "longest to go" was a single 2.5 hour trip to Vermont in Fall 2001. (*Plaintiff's Ex. 2*, Degen Dep. at 200-01.)

4