UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHCUSETTS

C.A. No. 04-11024-RWZ

JEANNE DEGAN,
              Plaintiff

v.

GOLDWELL OF NEW
ENGLAND, INC. and
R.G. SHAKOUR, INC.,
              Defendants

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S LOCAL RULE 56.1 STATEMENT**

Defendants' motion to strike plaintiff's Local Rule 56.1 Statement should be denied because the defendants' objections are without merit: (1) Plaintiff's statement is concise within the meaning of the rule; (2) plaintiff has properly and necessarily set out facts that the defendants omitted; and (3) plaintiff has clearly and directly responded to defendants' statement of undisputed facts. In addition, plaintiff may properly identify inferences that a jury may draw from the evidence. Such inferences are not argument; rather, they are to be considered "facts" that a judge must consider when ruling on a Rule 56 motion.

As will be shown, plaintiff has properly supported her version of the story with appropriate evidence and sworn statements.

**Arguments**

1. <u>Plaintiff's Statement Is Concise within the Meaning of the Rule</u>

Defendants object to the fact that plaintiff required 40 pages to first set out plaintiff's factual history (her story) before the Court and then required 33 pages to rebut the defendants' statements of undisputed facts. As a threshold matter, the focus of Rule 56.1 requires that a statement be internally coherent and document material facts, not that the statement be a certain number of pages. Rule 56.1, *Fed. Local Rules*; *Bell v. City of Chicago*, 2004 U.S. Dist. LEXIS 25889, (N.D. Ill. 2004) (noting lack of coherence and cohesive picture of events in movant's 130 paragraph statement of undisputed facts and not commenting on the length of the statement). The movant is required to identify "those portions" of the record which show an absence of a genuine dispute of material fact, and, therefore, the movant's statement of facts is frequently shorter than that of the nonmovant, who must address all material facts that the movant artfully omitted, in order to demonstrate that there are genuine triable issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

2. <u>Plaintiff Properly and Necessarily Set Out Facts that Defendants Omitted</u>

Nonmovants are permitted to coherently establish the historical facts of their case for the Court so that the Court may have a fully-developed, two-sided picture of the material facts. The defendants' unusual claim that plaintiff must be confined to responding to the defendants' story, and not set out the material facts that the defendant artfully omitted, would force the plaintiff, and other nonmovants, to falsely adopt the movant's story as "the story" of the case. Plaintiff has rightfully and necessarily set out a

more robust factual history of this lawsuit, in section 1.0, Degen's Statement of Facts, of her Rule 56.1 Statement of Facts in Dispute.

In this case, plaintiff required 40 pages to fully put her story before the Court, and each of the statements was relevant to issues that are in dispute in this case. Plaintiff's statements relate to plaintiff's sterling job performance, *Pl.'s SOF* ¶¶ 1.11, 1.16-1.17, 1.21-1.23, 1.26, 1.31; the requirements of plaintiff's job, *Pl.'s SOF* ¶¶ 1.1-1.8, 1.18-1.21, 1.24-1.28, 1.46-1.49, 1.61-1.64; plaintiff's medical history, *Pl.'s SOF* ¶¶ 1.9-1.10, 1.13-1.15, 1.37-1.39, 1.50-1.51, 1.79-1.82; the defendants' changed attitude and conduct toward plaintiff after she told them she was receiving therapy for her injury, *Pl.'s SOF* ¶¶ 1.29-1.36, after she requested an accommodation, *Pl.'s SOF* ¶¶ 1.37-1.45, and after she requested FMLA leave, *Pl.'s SOF* ¶¶ 1.52-1.60, 1.66; and factual testimonial contradictions among the defendants' agents and between those agents and former employees of the defendants. *Pl.'s SOF* ¶¶ 1.65, 1.67-1.79.

While the defendants did not put plaintiff's job performance at issue, it is important that the Court be informed about how exceptionally well plaintiff performed, as plaintiff's performance addresses her burden of showing that she is a <u>qualified</u> handicapped individual. *Defs.' Mot. Strike SOF*, at 2 n.1; M.G.L. c. 151B, § 4(16). The seemingly inexplicable rapidity with which the defendants changed their attitude and conduct toward plaintiff after she disclosed her therapy and sought an accommodation, notwithstanding her sterling performance, underscores the defendants' hostility towards plaintiff's disability and/or perceived disability and towards her requests that the defendants acknowledge and accommodate her disability. Plaintiff's job performance (and job requirements) also relate to the defendants' claims that they "accommodated"

3

her by putting her out in the field two Fridays a month and that plaintiff could schedule shorter trips in the field. *Reply*, at 3. Degen always did what was required to do her job well, and the defendants could not credibly believe that Degen could, or would, avoid 6-hour trips in her New England territory, for a self-serving purpose, and thereby leave some of the defendants' account executives insufficiently trained and without guidance for salon visits. *Pl.'s SOF* ¶¶ 1.23, 1.34, 1.54.

Plaintiff's job requirements are relevant to the issue of whether the defendants' requirement that plaintiff work in the Holliston office on Fridays and drive a 5th day of the week and/or their reduction of her administrative days by one-half were reasonable business decisions or the result of discriminatory animus.

Plaintiff was required to set out her medical treatment history to inform the Court about the seriousness and tenacity of her work-related injuries and to dispel any suggestion by the defendants that plaintiff was not seriously injured or that she was a malingerer. *Defs.' SOF.* ¶¶ 6-11. Plaintiff's medical treatment and injury exacerbation from driving also relate to the facts that (1) plaintiff resides in Barrington, New Hampshire, a spread-out community with no public transportation; (2) there is no public transportation to the nearest city, Portsmouth, where plaintiff's health care providers are located; and (3) driving is an activity "of central importance to [Degen's] daily life" and constitutes a "major life activity" for Degen and other residents of New Hampshire. *Degen's Second Affidavit*, ¶¶ 1-4; *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184, 197 (2002). Likewise, plaintiff needed to document the fact that *plaintiff's work-related injury and/or injury-aggravated disc disease "influenced [her] treatment by [the defendants]" in Fall/Winter 2001*; that is, they failed to accommodate her disability,

escalated their isolation of and retaliation against plaintiff, with each request for an accommodation or FMLA leave, terminated her under a false pretext, and denied plaintiff a 3-day per week Educator position. *Pl.'s SOF* ¶¶ 1.43-1.53, 1.57-1.60, 1.66; *Gilman v. C&S Wholesale Grocers, Inc.*, 170 F. Supp. 2d 88, 84 (D. Mass. 2001) (injured individuals are deemed qualified handicapped persons for the time period during which their injuries "influence their treatment by others"). Even if Degen had been granted FMLA leave, which she was not, the defendants terminated her employment within 3 to 3 ½ weeks of her request and stated a pretextual reason. *Pl.'s SOF* ¶¶ 1.52, 1.60.

Defendants have staked their defense on the claim that plaintiff's job, as opposed to plaintiff, was eliminated. In order to unmask this claim as false, plaintiff was required to place before the Court evidence to the contrary, and to bring to the Court's attention the testimony of and the reports from former employees of the defendants, ranging from an account executive to a Vice President, which directly contradict the defense and impeach the credibility of the defendants. *Pl.'s SOF* ¶¶ 1.68-1.74.

Section 1.0, Degen's Statement of Facts, of Jeanne Degen's Rule 56.1 Statement of Facts in Dispute, rightfully, necessarily, and coherently states material facts, supported by affidavits, depositions, answers to interrogatories, and pleadings, which provide evidence on which a jury could reasonably find for plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the defendants' argument as to this issue should be rejected.

3. <u>Plaintiff Has Directly Responded to Defendants' Statement of Undisputed Facts</u>

Plaintiff has clearly and directly responded to defendants' statement of undisputed facts on pages 41-77. Plaintiff has not responded to Defs.' SOF ¶¶ 1-3, 7, 14, 19, 21, 22,

5

33, 36, and those statements are admitted in their entirety. In all other instances, plaintiff has "Disputed," "Denied," or "Denied in part" the defendants' respective statements. For the convenience of the defendants and the Court, plaintiff has thoroughly, if redundantly, documented the facts upon which she relies in responding to each of the defendants' statements. The alternative to redundancy would be to leave it to the defendants and to the Court to flip back to plaintiff's statements of facts, which are cited to in plaintiff's rebuttals, to ascertain the factual bases for plaintiff's rebuttals.

<u>Plaintiff May Properly Draw Inferences</u>. It is axiomatic that both parties to a dispute create inferences by what they state, and more importantly, by what is left unstated. Plaintiff is permitted to identify inferences created by the defendants' omission of material facts and to rebut those inferences. For example, defendants take issue with plaintiff's *SOF* ¶¶ 2.34, 2.36, 2.37 on the grounds that the responses added "facts, 'implications' and 'connotations'" to the defendants' statements and then denied the statements in part. *Defs.' Mot. Strike SOF*, at 4. In each of those instances, the defendants' statements dealt with testimony that no one was hired to fill plaintiff's position as Artec Brand Manager. An element of plaintiff's prima facie claim of discrimination requires that after plaintiff's termination, her position remained open, and her employer sought to fill the position. *Lukacinsky v. Panasonic Serv. Co.*, 2004 U.S. Dist. LEXIS 25846, *73 (D. Mass. 2004) (**This case constitutes valid on-point precedent re: the FMLA claim, as well – Fed. Local Rule 32.3 applies only to unpublished Court of Appeals cases and cases from other courts cited at the Court of Appeals; an unpublished District Court decision is of no less authority than a published one.**). The incorrect inference may be drawn from the defendants' statements

that because no one was hired into plaintiff's position, the position did not remain open. This distinction goes to the defendants' claim that plaintiff's position was "eliminated" and to plaintiff's prima facie claim of discrimination, and plaintiff is entitled, indeed required, to draw attention to a material, misleading inference. Under Rule 56.1, "improbable inferences" are discouraged and will not suffice as opposition to a motion for summary judgment. *Cadle Co. v. Hayes*, 116 F.3d at 960. In contrast, plaintiff's inferences in her Rule 56.1 Statement of Facts in Dispute are not "improbable;" they are fully documented by testimony; and they are reasonable and appropriate.

<u>Supported Statements Are Proper</u>. Plaintiff has not gratuitously made "argumentative" or "conclusory" statements; she has corrected the defendants' misleading statements, to clarify disputed issues; and plaintiff has thoroughly documented each of her clarifications. Like the defendants in this case, the plaintiff, in *Wallace v. Publicis and Hal Riney*, 2003 U.S. Dist. LEXIS 17170 n.1 (N.D. Ill. 2003), moved to strike the defendant's statement of facts as "non-factual, argumentative and not concise as required by the Local Rules." The court denied the plaintiff's motion, stating that though many of the paragraphs identified "attribute certain beliefs and opinions to the parties and witnesses in the case, these 'belief statements' are supported by citations to deposition testimony and other facts in the record and are proper under the Local Rules."

Conclusion

Plaintiff, as required in order to successfully oppose summary judgment, has placed before the Court all "genuine" facts which "may be reasonably resolved in favor of either party" and which may influence the outcome of plaintiff's lawsuit. *Maldonado-*

*Denis*, 23 F.3d 576, 585 (1st Cir. 1994) (issue of fact is "genuine" if it "may reasonably be resolved in favor of either party"); *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995) ("material" facts are those that possess "the capacity to sway the outcome of the litigation under the applicable law"). Plaintiff has properly and painstakingly identified two substantially different versions of the truth, which must be resolved by a factfinder at trial. *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989). Accordingly, the defendants' motion to strike plaintiff's statement of facts in dispute should be denied in its entirety.

Respectfully submitted,

Jeanne Degen
By her Attorneys,

*/s/ Linda Evans*
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

OppMotStrikeSOF