UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHCUSETTS

C.A. No. 04-11024-RWZ

|  |  |
|---|---|
| JEANNE DEGAN, <br>      Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| GOLDWELL OF NEW <br> ENGLAND, INC. and <br> R.G. SHAKOUR, INC., <br>      Defendants | ) <br> ) <br> ) <br> ) <br> ) |

**THREE-PAGE SURREPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. Lukacinsky v. Panasonic Serv. Co. Constitutes Valid On-Point Precedent**

The defendants incorrectly assert that an unpublished case from the Federal District Court does not constitute valid on-point precedent, and they rely on Fed. R. App. P. 32.3 for their assertion. Local Rule 32.3(a) provides in part: "An unpublished opinion of *this court* may be cited in *this court* only in the following circumstances... ." (emphasis added). The rule applies only to unpublished opinions of the Court of Appeals and unpublished opinions from other courts, which are cited in cases before the Court of Appeals. *Local Rule* 32.3(a) & (b). The rule does not apply to District Court cases. Many District Court decisions are not published in the West Reporter, and unpublished decisions are on an equal footing with published decisions in establishing legal precedent. Thus, *Lukacinsky v. Panasonic Serv. Co.*, 2004 Dist. LEXIS 25846 (D. Mass. 2004), constitutes valid on-point precedent in support of plaintiff's timely claim of a willful violation of the FMLA, which may be fully cited.

## II. **Degen Is a Qualified Handicapped Individual**

The defendants have limited their reply to arguments that driving is not a major life activity and that plaintiff is not handicapped, under M.G.L. c. 152, § 75B(1), and they have not contested Degen's claim that the defendants regarded her as handicapped. *Opp.*, at 14-16.

### A. Driving Is a Major Life Activity

Degen resides in Barrington, New Hampshire. *Second Degen Affidavit*, ¶ 1. There is no public transportation in Degen's community and no public transportation to the nearest city, Portsmouth, New Hampshire. *Id.* at ¶¶ 2-3. Degen must drive 2 to 3 miles to buy groceries and 30 minutes to Portsmouth to see her health care providers. *Id.* at ¶ 3. Driving is an activity "of central importance to [Degen's] daily life" and constitutes a "major life activity" for Degen and other residents of New Hampshire. *Id.* at ¶ 4; *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). Thus, based on facts specific to Degen's situation, the Court may find that driving is a major life activity.

### B. Degen Was a Qualified Handicapped Individual under M.G.L. c. 152, § 75B(1)

Degen remained a qualified handicapped individual in Fall/Winter 2001 because during that very time period, *Degen's 1999 injury and/or injury-aggravated disc disease influenced the defendants' treatment of Degen. Gilman v. C&S Wholesale Grocers, Inc.*, 170 F. Supp. 2d 77, 84 (D. Mass. 2001) (injured individuals are deemed qualified handicapped persons for the time period during which their injuries "influence their treatment by others"). They required Degen to drive a 5th day while regarding her as "medically restricted;" reduced her administrative time by one-half; contested her compensation payments; terminated Degen; and denied her a 3-day per week job.

### III. Defendants' Failed to Accommodate Degen and Failed to Provide FMLA Leave

A. Defendants Exacerbated Degen's Medical Condition and Compelled FMLA Leave

Degen's supervisors told her that she would follow the new schedule regardless of letters from her doctor. *Pl.'s SOF* 1.37-1.39, 1.43. Degen drove long distances for three 5 day-weeks, and her physical condition deteriorated. *Id.* at 1.50. Only then did Dr. Slezak recommend that Degen apply for FMLA leave so as to stay off the highway on the 5th week day. *Id.* at 1.51. Defendants' claim that Degen could schedule shorter trips in the field is without merit. Degen always did what was required to do her job well, and the defendants could not credibly believe Degen could, or would, avoid 6-hour trips and thereby leave some account executives untrained and unattended on their salon visits.

B. Defendants Violated the FMLA With or Without Approved Leave

Even if the defendants had determined that plaintiff could take intermittent FMLA leave, which they did not, they terminated plaintiff under a false pretense within 3 to 3 ½ weeks of Dr. Slezak's certification and the defendants' cessation of communication with plaintiff. *Lukacinsky v. Panasonic*, 2004 U.S. Dist. LEXIS at *49-50 (temporal proximity and hostility are sufficient evidence of retaliation).

Jeanne Degen
By her Attorneys,


/s/ Linda Evans
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

SurreplyMemo

3